## AH LEONG *vs.* KEE YOU.

### APPEAL FROM DOLE, J.

HEARING, DECEMBER 31, 1891. DECISION, APRIL 2, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ. McCULLY, J., ABSENT.

Held, that a certificate of appeal on points of law, although not strictly formal, complies with the law if it is in such language as will clearly inform the Appellate Court of the question of law raised:

That Police Courts have no jurisdiction to issue their civil process to be served outside of the district in which the Court is located:

That an appeal lies to the Supreme Court at Chambers on points of law from the Police Court:

That the fact of the defendant having been served with the summons while out of the jurisdiction of the Court which issued it, does not affect the legality of the seizure of the property in the district where the writ was issued, and where the property was seized:

That a legal service must be made on defendant before a personal judgment can be rendered against him.

### OPINION OF THE COURT, BY BICKERTON, J.

This is an action of replevin for a horse before the Police Court in Honolulu, where judgment was rendered for plaintiff for the restitution of the horse and $23 damages, and costs $5.90. An appeal was taken to the Intermediary Court by the defendant on the following questions of law:

First: Has the Police Court of Honolulu jurisdiction to serve its summons outside of its civil jurisdiction, to wit, the district of Honolulu, in an action of replevin under Chapter XXXVIII., Laws of 1884?

Second: Is the bond given to the Marshal in the above entitled cause on the 12th day of October, A. D. 1891, as required by Section 4, Chapter XXXᵗⱽⁱⁱⁱ., Laws of 1884, legal?

These questions were certified up by the Acting Police Justice, C. L. Hopkins.

This appeal was heard by Mr. Justice Dole at Chambers on November 6th, 1891, who held that the plea to the jurisdiction was good, and decided in favor of the defendant, to which decision and ruling the plaintiff noted exceptions and appealed to the Supreme Court in banco. The following are the points of law certified up:

1st. That the certificate of appeal, although not strictly formal, complies with the law.

2d. That the Police Courts have no jurisdiction to issue their civil process to be served outside of the district in which the Court is located. Hence the service of the summons in this case in the District of Koolau is irregular and of no effect.

3d. That the summons being served out of the district, it makes the whole proceedings irregular. Hence the taking possession of the horse by the Marshal in the District of Honolulu was irregular.

4th. That an appeal lies to the Supreme Court in Chambers on points of law from the Police Court in this case.

In regard to the first point raised, it has been settled in our Courts that an appeal on points of law must be signed by the Justice, and the points of law appealed from reduced to writing and distinctly stated. *The King vs. Lee Choy*, 7 Hawn., 62. *Wenner vs. Lindsay*, 7 Hawn., 119. *Humuula Sheep Station. vs. Ahlo*, 7 Hawn., 213. Although the points of law certified up by the Acting Police Justice may not be couched in strictly formal language, yet they are in such language as to clearly inform the Appellate Court of the questions of law raised.

We therefore overrule the first exception.

In regard to the second point raised, the limited jurisdiction of Police and District Courts in civil matters is so clearly fixed and settled by our statutes that it does not admit of argument. It is confined to the judicial district for which the magistrate is

appointed. The Lower Court was right in holding "that the Police Courts have no jurisdiction to issue their civil process to be served outside of the district in which the Court is located." But in this case the summons was issued in the usual way, that is, the defendant was to be summoned "if he can be found in this district" (of Honolulu) ; but he was served out of the district, and, consequently, the service was illegal and of no binding effect.

We therefore overrule the second exception.

As to the third point. At the hearing in the Intermediary Court, it appeared that the horse was taken possession of by the Marshal in the District of Honolulu, and the receipt of the plaintiff shows it was delivered to him in Honolulu by the Marshal.

The return of the Marshal shows that he took the horse, but does not say where. The return is dated, "Honolulu, October 14, 1891;" but the fact that the horse was taken to Honolulu is not disputed. The return on the back of the summons shows that it was served on the defendant at Kaneohe, in the District of Koolaupoko, Island of Oahu.

It becomes necessary to examine the Act, commonly called the "Replevin Act," (Chapter XXXVIII. of the Laws of 1884), under which the horse in question was seized. Its title is, "An Act to Regulate the Practice in Suits for the Recovery of Personal Property." The first section prescribes that "the plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons or at any time before issue being joined in such action, claim the delivery to him of such property, as provided in this chapter." The statute thereafter prescribes the steps which the plaintiff must take in order that the property shall be delivered to him. This process is entirely distinct from the summons, is served on the defendant, and before issue is joined. The summons discloses the plaintiff's claim of title to the property, and the object of the suit is to try this title. The process detailed in the Act is merely to enable the plaintiff to obtain immediate possession of the property he claims. An action of replevin, or a suit to ob-

tain possession of personal property, may be begun without resorting to this Act of 1884, to obtain immediate possession of the property. And if it is resorted to, and the plaintiff obtains possession of the property, if the defendant does not care to dispute plaintiff's right, he may decline to join issue in the summons, and the case may or may not be tried, at the option of the plaintiff.

We find, therefore, that the seizure of the horse and delivery to the plaintiff was regular, but that the service of the summons on defendant was not legal, and the Police Court did not acquire jurisdiction over the defendant.

It is claimed by the plaintiff that the defendant appeared in the case, and thereby waived all objection to the jurisdiction; on the contrary, we find from the record that, at the opening of the case, defendant's attorneys pleaded to the jurisdiction of the Court on the ground of service having been made in the District of Koolaupoko. This and several other motions were overruled, and finally plaintiff moved that the case be heard on its merits, defendant's counsel objecting to going to trial, as they were ready to take an appeal on points of law; but the case was set for hearing on its merits. It is true that defendant's attorneys did file a motion on October 14th, 1891, (two days before the first hearing of the case) to have the matter heard as soon as possible; but it is clear to us that defendant was compelled to join issue with plaintiff on the merits, but relied on his plea to the jurisdiction, and other motions to dismiss. We do not consider that this was such an appearance as would act as a waiver of the necessity of a legal service on the defendant or of the objection as to jurisdiction.

In regard to the fourth point, this has been settled in *Stone vs. Allen*, 3 Hawn., 618. The Court there held that " appeals on points of law can be taken to a Circuit Judge at Chambers, and to the Intermediary Court of Oahu." Section 1005 of the Compiled Laws, taken in connection with the Act "To Abolish the Office of Circuit Judge of the Island of Oahu," Compiled Laws, page 255, and also Chapter 26, Laws of 1884, gives this right of appeal. We therefore overrule this last exception.

The judgment of the Court is, that the case is remitted to the Police Court in order that the summons may be legally served upon defendant, and thereafter tried.   If this cannot be done by reason of defendant's living out of the district of Honolulu, then the defendant may, at his option, bring an action to recover possession of the horse.   We suggest that the delay in this case would have been obviated if the plaintiff had taken out a new summons, and had it served on the defendant while he was within the jurisdiction of the Police Court of Honolulu.

Meanwhile, the plaintiff having obtained the legal possession of the horse, it must remain with him until otherwise ordered by a competent court.   If the defendant disputes the right of the plaintiff to the horse he can easily put himself where the summons from the Police Court can be legally served on him, or he can accept service thereof and go to trial again.

Plaintiff must pay costs.

*J. A. Magoon*, for plaintiff.

*E. Johnson, J. K. Barenaba* and *J. K. Kaulia*, for defendant.