W. C. ACHI *vs.* J. ALAPAI AND MARY ALAPAI.

APPEAL ON POINTS OF LAW FROM DISTRICT MAGISTRATE OF
HONOLULU.

HEARING, DECEMBER 17, 1894.      DECISION, JANUARY 2, 1895.

JUDD, C.J., BICKERTON, J., AND COOPER, CIRCUIT JUDGE, WHO
SAT IN PLACE OF FREAR, J., ABSENT FROM ILLNESS.

An affidavit in replevin required by sub-division 3, Sec. 2, Chap. 38,
Laws of 1884, following the Hawaiian version, is sufficient—it not
appearing to the Court that there is any radical and irreconcilable
difference between the English and Hawaiian versions of said statute.

Defects in an affidavit in replevin do not affect the cause of action itself
—only the right to obtain immediate possession.

OPINION OF THE COURT, BY JUDD, C.J.

The plaintiff brought an action in the District Court of
Honolulu to recover possession of a horse and claimed and
obtained its delivery to him upon an affidavit. The defen-
dant, J. Alapai, disclaimed all interest in or possession of or
control over the horse. The defendant, Mary Alapai, moved
that "the case be stricken from the calendar and dismissed
for that the conditions precedent to the issue of a writ of
replevin under the provisions of the statute have not been
complied with." The motion was granted and the plaintiff
appealed to this Court on the point of law involved. Objec-
tion is made by defendants' attorney that the appeal is not
perfected in that the certificate of appeal does not distinctly
set out the point of law appealed from. We think that it
does. The motion to dismiss is in writing and it sufficiently
appears therein what the law point appealed to this Court is.

Counsel for defendants has indicated the particular condi-
tion precedent which he says has not been complied with—

the non-compliance of plaintiff's affidavit with subdivision 3 of Sec. 2 of Chap. 38 of the Laws of 1884, respecting actions to recover personal property. This reads in the English version—The affidavit must show that the property " has not been taken for a tax, assessment or fine pursuant to statute," &c. The Hawaiian version is " Aole i laweia ua waiwai nei no kekahi aie a hoopai paha e like me ke kanawai," &c.

Counsel for defendants contends that the phrase in the English version that the property has not been taken for " a tax, assessment or fine pursuant to a statute," is not complied with by the allegation that the property was not taken " no kekahi aie a hoopai paha e like me ke kanawai." He claims that the word " aie " which literally means a " debt," and the word " hoopai" which literally means a " fine," do not express the phrase a " tax, assessment or fine."

It is evident that the translator of the statute took the general word " aie " as expressing the idea of the two English words tax or assessment. We think it well might mean them. " Aie " means in its context, an obligation, an owing or an indebtedness created by law. If a person's property is taken for a tax or assessment in pursuance of law it can only be so because he has incurred some obligation therefor.

At any rate the legislature considered the two expressions in the several versions of the statute to be equivalent and we do not find that the difference between them is so radical and irreconcilable as to compel us to hold that the English version should control. We think the affidavit was sufficient.

But it was error to dismiss the cause even if the affidavit did not comply with the statute. Reference to the statute of replevin makes it clear that the proceedings by which a plaintiff may obtain immediate possession of personal property for which he brings action to recover are entirely independent of such action. He may not desire the immediate possession of the property and not file any affidavit. In such case the action would proceed and the title to the property be tried. The legal effect of a defective affidavit in

replevin would be merely to annul the delivery taken in pursuance of it.    The legality of the seizure is the only question involved and not the right in the property.    We so held in *Ah Leong vs. Kee You*, 8 Haw., 418.

The appeal is sustained and the cause remanded to the District Court of Honolulu for further proceedings.

*W. C. Achi*, for plaintiff.

*V. V. Ashford*, for defendant.