[No. 11188.   Department One. — December 23, 1885.]

B. B. ACKER, PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

APPEAL FROM JUSTICES' COURT — NEW TRIAL MUST BE HAD IN SUPERIOR COURT — MANDAMUS. — The Superior Court, on an appeal from a Justices' Court, taken on questions of law and fact, has no authority to remand the cause to the Justices' Court for a trial *de novo.* It is the duty of the Superior Court to proceed with the trial, and in case of refusal it may be compelled to do so by *mandamus.*

APPLICATION for a writ of review. The facts are stated in the opinion of the court.

*Royce & Cummins,* for Petitioner.

*Carl T. Graef,* for Respondent.

McKEE, J.—Application for a writ of review.

From the averments of the petition it appears that, on an appeal to the Superior Court of the city and county of San Francisco, taken on questions of both law and fact, from a judgment given in an action tried by a Justices' Court, the Superior Court ordered the judgment reversed and the cause remanded for further proceedings.

The order remanding the cause to the Justices' Court for further proceedings is in excess of the jurisdiction of the court, and void.

For, as the case was originally tried in the Justices' Court, and the appeal was taken "on questions of both law and fact," appellate jurisdiction over the action attached to the Superior Court, to try and determine the case anew. (Section 976, Code Civ. Proc.)

In the exercise of this jurisdiction the Superior Court cannot delegate its power over the action to any other tribunal. It has no authority to remand the cause to the Justices' Court, whence it came, for trial *de novo.* It must itself proceed with the trial (Section 976, *supra; Coyle* v. *Baldwin,* 5 Cal. 75; *Hitchcock* v. *Freelon,* 8 Cal. 517); and if it refuses it may be compelled to proceed by *mandamus.* (*Beaty* v. *Superior Court,* 11 P. C. L. J. 70.)

Let a writ of review issue as prayed for.

ROSS, J., and McKINSTRY, J., concurred.