BOYD PARK AND ANOTHER, APPELLANTS, *v.* LUCY M. HIGBEE, RESPONDENT.

PUBLICATION OF SUMMONS.— ORDER FOR PUBLICATION.—MAILING COPY.—An order for publication of summons which does not direct that a copy of the complaint and summons be forthwith mailed to the defendant, and did not provide the length of time for publication, is insufficient, and the court obtained no jurisdiction of the person of the defendant by publication under such an order.

JUDGMENT.—SETTING ASIDE.—ANOTHER TERM.—A default and judgment entered upon publication made under such an order as the above is a nullity, and where the rights of no third persons have intervened, will be set aside by the court on motion even after the expiration of the term at which it was rendered, but the defendant should be ruled to appear and answer.

APPEAL from an order of the district court of the first district vacating a judgment. The sections of the statute are as follows: "The order must direct the publication to be made in a newspaper to be designated, as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, at least once a week; but publication against a defendant residing out of the Territory or absent therefrom, must not be less than one month. In case of publication when the residence of a non-resident or absent defendant is known, the court or judge must direct a copy of the summons and complaint to be forthwith deposited (post-paid) in the postoffice, directed to the person to be served, at his place of residence.

When publication is ordered, personal service of a copy of the summons and complaint out of the Territory is equivalent to publication and deposit in the postoffice; and in either case the service of the summons is complete at the expiration of the time presented by the order for publication."

*Mr. Jabez G. Sutherland* for the appellants.

*Mr. Charles C. Dey* for the respondent.

BLACKBURN, J.

This is a suit in partition under the statutes. The respondent is a non-resident. An order of sale of the property was made September 11, 1888, by default, and was sold for the sum of $3,500 to the plaintiff, Boyd Park, October 13, 1888. An order confirming the sale was made the same date. On November 9, 1889, a motion was made by respondent to set aside default and judgment, and all subsequent proceedings thereunder; she appearing specially for the purpose of the motion. On December 9, 1889, the court being fully advised in the premises, ordered that said motion be sustained, and that said decree, and all proceedings thereunder, be set aside and vacated, to which order defendant duly excepted. From this last order this appeal is taken. The motion was based on the alleged fact that the defendant was never served with process, and the court had not acquired jurisdiction of her person. It is claimed by appellants that the respondent was duly served with process by publication. The order of publication was made on affidavit, and is as follows: " It is ordered that service of summons issued in this action be made by publication in the Standard, a newspaper published at Ogden, in the county of Weber, of said Utah territory, according to the statute made and provided." Dated May 7, 1888. The grounds on which the judgment and subsequent proceedings were set aside are that the order of publication did not direct that a copy of the summons and complaint be sent by mail to the defendant, and did not specify the length of time publication should be made, and, these, be-

ing matters of substance, no jurisdiction of the person of defendant was secured, and therefore the judgment and subsequent proceedings are void. The statute (2 Comp. Laws Utah, 241) provides, among other things, that the order of publication shall direct that a copy of the summons and complaint be forthwith mailed to the defendant, if her or his residence is known. It further provides that the summons be published for such length of time as shall be deemed reasonable, and, in case of non-resident defendants, for at least four weeks, and that service shall be complete at the expiration of the time prescribed by the order for publication. As the order did not specify the time of publication, the service never became complete, and the defendant could not be in default until the service was complete, so that the judgment and default thereon are a nullity. This conclusion is axiomatic, and needs no authorities in support.

The other defect in the order of publication is also, as we think, of substance. These provisions are mandatory, and should be strictly followed. They are *stricti juris. Ricketson* v. *Richardson,* 26 Cal. 152; *Settlemier* v. *Sullivan,* 97 U. S. 444; *Galpin* v. *Page,* 18 Wall. 350; *Forbes* v. *Hyde,* 31 Cal. 342; *McMinn* v. *Whelan,* 27 Cal. 300. But it is contended by appellants that this order of publication was afterwards cured by an order *nunc pro tunc.* If such order was made, it does not appear in the record, and cannot be considered by us. It is also contended that an order could not be set aside after the term expires, on motion. It will be remembered that the rights of no third persons had been acquired in this case; for one of the plaintiffs was the purchaser at the sale, and he was bound to take notice of all defects and irregularities. Appellants also say that these defects in the order of publication was the act of the court, and not of the appellants. This cannot help them, for all the orders and judgments and acts of the court and of clerks and juries which are irregular and void, are chargeable to the parties procuring them, and it is their duty to see that they are correct. Being made in their favor, it is a conclusive presumption that they were made by them. We therefore think this judgment is a

nullity.  But the contention of the appellant is that the
motion to set aside the judgment came too late; for the
rule is, the court has no power over its record after the
term expires at which the record is made.  This is the rule
in the courts of the United States, where the distinction
between law and equity is the practice, while the new pro-
cedure obtains in this territory.  In the case of *Bronson*
v. *Schulten*, in 104 U. S. 416, 417, cited by appellants, the
court, through MILLER, J., says: " But to this general rule
an exception has crept into practice, in a large number of
the state courts.  *   *   *   The exception, however, has its
foundation in the English writ of error *coram vobis*—a
writ which was allowed to bring before the same court in
which the error was committed some matter of fact which
had escaped attention, and which was material in the pro-
ceeding.  These were limited generally to the facts that
one of the parties to the judgment had died before it was
rendered, or was an infant and no guardian had appeared
or been appointed, or was a *feme covert*, and the like, or
error in the process through default of the clerk."  The
error in this case is in the process shown by the record.
The court further says: " In *Pickett's Heirs* v. *Legerwood*,
7 Pet. 144, this court said that the same end sought by that
writ is now in practice generally attained by motion, sus-
tained, if the court required it, by affidavits.  *   *   *
There has grown up, however, in the courts of law a ten-
dency to apply to this control over their own judgments
some of the principles of the courts of equity in cases
which go a little further in administering summary relief
than the old-fashioned writ of error *coram vobis* did.  This
practice has been founded, in the courts of many of the
states, on statutes which conferred a prescribed and lim-
ited control over the judgment of a court after the expir-
ation of the term at which it was rendered.  In other cases
the summary remedy by motion has been granted as
founded in the inherent power of the court over its own
judgments, and to avoid the expense and delay of a formal
suit in chancery.  It can easily be seen how this practice
is justified in courts of the states where a system has been
adopted which amalgamates the equitable and common

law jurisdiction in one form of action, as most of the rules of procedure do."

From this we may infer that where the new precedure obtains it is not against good and reasonable practice to allow a judgment to be set aside on motion, after the term expires at which it was rendered, when the record shows it was rendered without jurisdiction of the person of the defendant in the action. We can see no good reason, when the rights of third parties have not intervened, as in this case, why this respondent should be relegated to the delay and expense of a suit in chancery to get rid of a void judgment, when the rights of the appellants are in no wise injured by obtaining the same result by motion on proper notice. The appellants cannot be benefited by this judgment, for the record shows it is absolutely void. Why, then, should they complain? In California the rule is that a court has no control over its record after the term at which it was made has expired; but the supreme court, in the case of *Bell* v. *Thompson*, 19 Cal., 707, cited by appellants, say, in closing the opinion: "Under the effect of the decisions heretofore made by this court, we think it must be considered as settled in this state that no motion can be entertained by a district court to set aside a judgment on any ground, including that of want of jurisdiction over the person of the defendant in the action in which the judgment was entered, after the expiration of the term in which it was entered, unless its jurisdiction is saved by some motion or proceeding at the time." We infer from this that, if the defendant is made to submit to the jurisdiction of the court and be ruled to answer, the motion can be entertained. This seems to us reasonable. In our judgment, this is the right conclusion. The decree is affirmed, and the cause remanded, and the district court is directed to enter the appearance in full of the defendant, and rule her to answer the complaint in a reasonable time, to be fixed by the court. The costs of this court to abide the event of the suit.

ZANE, C. J., and ANDERSON, J., concurred.