# Reese *v.* Nolan.

*Contested Probate of Will.*

1. *Application for probate; nature of proceeding, and parties to contest.*—An application for the probate of a will is a proceeding *in rem*, and though notice to the next of kin is required (Code, § 1987), they are not parties, unless they appear and contest, or actively engage in the litigation.

2. *Same; parties to appeal, and practice.*—One of the next of kin who, though notified, did not appear on the contest, can not sue out an appeal from the decree admitting the will to probate, nor join in an appeal sued out by the contestants; but, if he was not notified, he may propound his interest by petition to the court below, and, having then been made a party, may sue out an appeal.

3. *Same; notice to next of kin, and failure to give.*—The failure to give notice to one of the next of kin does not render the probate void, but is a mere irregularity, of which the others can not complain on error.

4. *Same; reducing testimony of witnesses to writing, and recording it.* The statutory provision which requires that the testimony of the witnesses on the hearing shall be reduced to writing, subscribed by them, and recorded with the will in a book provided for the purpose (Code, § 1982), is directory merely, and a failure to comply strictly with it does not avoid the probate. Where the record shows, as here, that the subscribing witnesses were examined on the trial of the contest, and sets out the substance of their evidence, showing the due execution of the will, and the decree admitting the paper to probate, declaring that it has been duly proved, further orders the will and all the papers on file relating to it to be recorded,—this is a substantial compliance with the requirements of the statute.

APPEAL from the Probate Court of Chambers.
Heard before the Hon. LLOYD ROBERTSON.

In the matter of the probate of the last will and testament of Mrs. Peggy Nolan, deceased, which was propounded for probate by her surviving husband, and contested by Julata Reese, one of the heirs-at-law and next of kin. The facts of the case were thus stated by Judge HARALSON, who delivered the opinion of the court.

"On the 17th day of November, 1892, R. Nolan filed in the Probate Court of Chambers county a paper purporting to be the last will and testament of Peggy Nolan, his deceased wife, and prayed that it be admitted to probate. The petitioner made known, that Jack Reese, Sarah Reese, Julata Reese and Annie Cherry, wife of Gibson Cherry, were the

[Reese v. Nolan.]

brother and sisters and next of kin of said Peggy Nolan,
whose ages and places of residence were stated. On the
10th day of December, 1892, Julata Reese, claiming to be a
sister and an heir-at-law of the deceased, appeared before
the court, and filing her grounds of contest of said will,
prayed the court that an issue be made up under the
direction of the court, between said Richard Nolan, the pro-
ponent of said will, and herself, and that a day be set for the
trial of the question as to the validity of the paper filed
purporting to be the last will of said deceased. It was
thereupon ordered, that the 23d day of January, 1893, be
set as the day on which to try said issue. On that day, an
issue was made up between the said Richard Nolan, as pro-
ponent, plaintiff, and the said Julata Reese, contestant, de-
fendant, and a trial was had between them on issue joined;
the result of which was, that the court found the issues in
favor of the proponent, and established said will and ad-
mitted the same to probate in said court.

"The judgment-entry recites, 'that notice of said appli-
cation, and of the time appointed for hearing the same, has
been given in pursuance of law to all the next of kin of said
Peggy Nolan, deceased, by citations personally served on
said Julata Reese, Sarah Reese and Anna Cherry, as next
of kin of said Peggy Nolan, deceased.' The record does not
show that any of the parties who were cited as the next of
kin and heirs of deceased, except Julata Reese, appeared
and were made parties to, or in any wise participated in
said trial of the contest of said will.

"On February 20, 1893, Julata Reese, Jack Reese, Sarah
Reese and Anna Cherry, by their attorneys, filed a paper in
the Probate Court, stating that they 'take an appeal from
the decree rendered in said court on the 23d day of January,
1893, admitting to record and probate the will of Peggy
Nolan, deceased, to the Supreme Court of Alabama,' &c.
These parties appear by their attorneys in this court, and
assign errors together, and Jack Reese assigns the same
errors separately. The errors assigned are, that Jack Reese,
an heir-at-law and one of the next of kin of testator, had
no notice of the application to prove said will, and that the
testimony of the witnesses proving that the will was duly
executed was not reduced to writing and signed by them,
as required by section 1982 of the Code."

ROBINSON & DAKE, for appellants.

JNO. M. CHILTON, and W. H. THOMAS, contra.

HARALSON, J.—It appears on the face of the record in
this case, that the will of the testator, Peggy Nolan, de-
ceased, was propounded for probate in the Probate Court
of Chambers county, by Richard Nolan, the husband and
sole legatee and devisee of said testator ; that Julata Reese,
one of the next of kin and heirs of said Peggy Nolan, filed
her objections in said Probate Court to the probate of said
will ; that an issue was made up under the direction of the
court, between said Richard Nolan as plaintiff, and the said
Julata Reese, contestant, as defendant, which was tried
between them in said court, which resulted in a judgment
of said court in favor of the validity of said will, and the
same was duly admitted to probate.  To this contest, none
of the persons, except Julata Reese, who appear here as
defendants, were parties, or, so far as appears, had anything
to do with the proceedings in said court to try the validity
of said will.  The judgment-entry recites, that "notice of
the said application [to probate said will], and of the time
appointed for hearing the same, has been given, in pur-
suance of law, to all the next of kin of said Peggy Nolan,
deceased, by citations personally served on said Julata
Reese, Sarah Reese and Anna Cherry, as next of kin of.
said Peggy Nolan, deceased."  The names of these persons
and that of Jack Reese, together with their respective ages
and residences, were given in the application of the propo-
nent for the probate of the will ; but it does not appear that
the said Jack Reese ever had any notice of said appli-
cation, or of the time and place for hearing the same.

In *Blakey v. Blakey*, 33 Ala. 616, it was said "when a will
is propounded for probate, the proceeding is *in rem*.  The
object of the statute which requires that notice of the ap-
plication shall be given to the widow and next of kin of the
testator is, that such persons may, if they choose, make
themselves parties to the proceeding.  When notified, they
have the option to stand by passively, or take an active
part on either side.  But they can not be considered par-
ties to the suit, unless they come forward, and by some
affirmative act engage in the litigation.  Hence, when an
issue is formed in the Probate Court, between the propo-
nent and persons contesting the will, the former is deemed
the plaintiff and the latter are considered the defendants.
They alone are parties to the suit."—*Leslie v. Simms*, 39 Ala.
161.  Until made parties they can not be heard here on
appeal.—*May v. Courtney*, 47 Ala. 183, *Jones v. Walker*,
23 Ala. 448. . Such persons are not concluded, however, by
the decree of the Probate Court to which they were not

[Reese v. Nolan.]

parties. The practice in such cases has long been settled in this State. Though they can not sue out an appeal without being parties, they may by petition to the Probate Court propound their interest, and, after notice to the party having an interest, have themselves made parties to such decree, so as to prosecute an appeal therefrom.—*Clemens v. Patterson*, 38 Ala. 721 ; *Hall v. Hall*, 47 Ala. 295 ; *Lyons v. Hamner*, 84 Ala. 197 ; *Kumpe v. Coons*, 63 Ala. 455 ; 1 Brick. Dig. p. 92, § 129.

The party to the contest in the Probate Court, Julata Reese, has no ground of complaint, that Jack Reese, one of the next of kin of testator, had no notice of the application to probate the will. Its probate, upon a proper application, without notice to any of the parties entitled thereto, would not be void, but merely voidable. The failure to give such notice is merely irregularity.—*Hall v. Hall, supra; Otis v. Dargan*, 53 Ala. 185.

The provisions of section 1982 of the Code, requiring, if it appears on the proof taken before the judge of probate that the will was duly executed, that the testimony of the witnesses be reduced to writing by the judge, signed by the witnesses, and, with the will, recorded in a book provided for the purpose, are also directory, and a failure to comply therewith will not avoid the probate. In this case, it appears on the face of the record that the subscribing witnesses were examined on the trial of the contest before the judge, and the substance of their testimony is set out, showing the due execution of the will ; and upon their evidence and the other evidence, it was ordered that the will be admitted to probate, and declared to be duly proven as the last will and testament of said Peggy Nolan, and that said will and all other papers on file relating to the proceeding be recorded. This answers substantially the requirements of that section.

It follows, that the appeal must be dismissed as to all the appellants, except as to Julata Reese, and as to her the judgment of the Probate Court, admitting said will to probate is affirmed.