Marlett vs. Docter and another.

MARLETT, Receiver, Respondent, vs. DOCTER and another, Appellants.

*January 8 — February 5, 1895.*

*Appeal from justice's court: Bringing in new party: Terms: Abuse of discretion.*

1. Where, on appeal from justice's court, the action is triable as if originally brought in the appellate court, that court may, under sec. 2830, R. S., at any stage of the action, amend the proceedings by directing a new party to be brought in.

2. Where in such a case the answer in the justice's court had set up the nonjoinder of a necessary party defendant, it was an abuse of discretion for the appellate court, on granting plaintiff's motion to amend by bringing in such party, to impose costs of the motion on the defendants instead of on the plaintiff.

Marlett vs. Docter and another.

APPEAL from an order of the superior court of Milwaukee·
county: R. N. AUSTIN, Judge.  *Reversed.*

This action was commenced in a justice's court on an ac-
count for goods sold. The defendants set up a defense of
the nonjoinder of a necessary party defendant, in that the·
goods had been sold to a copartnership consisting of the de-
fendants and one Levy, under the firm name of Docter
Bros. & Co. The cause was tried in justice's court, and re-
sulted in a judgment for the plaintiff. The defendants.
appealed to the superior court. In the superior court it was
ordered, on plaintiff's motion, that the proceedings be
amended by making Levy a party defendant, and that the·
defendants pay $10 costs of the motion. From this order
the defendants appeal.

For the appellants there was a brief by *Julius E. Roehr,*
attorney, and *James F. Trottman,* of counsel, and oral argu-
ment by *Mr. Trottman.* They argued, among other things,
that " the general rule of law is that on appeal from a judg-
ment rendered by a justice of the, peace the jurisdiction of
the circuit court is limited to that of the justice." *Zitske v..*
*Goldberg,* 38 Wis. 230. . While it was undoubtedly the in-
tention of the legislature to place actions pending on appeal
from justice's court " on the same footing as to their *hearing·*
*and determination* as they would have been if originally
commenced in the appellate court, and by so doing to enable
that court to do complete justice between the parties "
(*Dressler v. Davis,* 12 Wis. 58, 61), yet that can by no means.
imply that the general rule above quoted is to be ignored
to such an extent in this state as to allow the amendment
of the justice's court summons in the appellate court by
adding a party defendant (especially on plaintiff's motion),
*and so virtually by the amendment creating a new action,* of
which the justice had no jurisdiction and could not have ex-
cept by discontinuing the pending action and issuing a new
summons. *Zitske v. Goldberg,* 38 Wis. 230; *Maxcy v. Pad-*

Marlett vs. Docter and another.

*field,* 2 Ill. 590; *Lake v. Morse,* 11 id. 587; *Henckler v. County Court,* 27 id. 38; *Dodge v. People,* 113 id. 491; *Felt v. Felt,* 19 Wis. 193. By the proposed amendment plaintiff seeks to deprive defendants of the right to retrial of the plea in abatement in the appellate court. The trial of the plea in abatement is a substantial right of defendants, which cannot properly be taken from them. *Darling v. Conklin,* 42 Wis. 482. Moreover, our statute does not change the rule at common law which did not allow an amendment in any case by adding a defendant, after a plea in abatement. *Chamberlin v. Noyes,* 7 Hill, 145; *Commission Co. v. Russ,* 8 Cow. 122; *Willink v. Renwick,* 22 Wend. 608; *Roberts v. Bates,* 6 Adol. & E. 778.

For the respondent the cause was submitted on the brief of *Henry L. Buxton.*

NEWMAN, J. The county court of Milwaukee county, before the creation of the superior court, had exclusive appellate jurisdiction in all cases of appeal from justices' courts in civil actions, and all general provisions of law relating to the circuit courts and to civil actions and proceedings therein are made applicable to that court. R. S. secs. 2465, 2466. By the act which created the superior court, " the jurisdiction and powers of the county court of Milwaukee county in civil actions and proceedings" were transferred to and vested in the superior court of Milwaukee county. S. & B. Ann. Stat. sec. 2498*c.* This action was triable in the superior court in all respects the same as if it had been originally brought there. R. S. sec. 3768. The court had the power, at any stage of the action, to amend the proceeding by directing another party to be brought in. R. S. sec. 2830.

But the amendment could only be made upon such terms as may be just. This question of terms is often deemed an important matter. *Wilson v. Eau Claire, ante,* p. 47; *Fel-*

Marlett vs. Docter and another.

*ton v. Hopkins, ante,* p. 143. What terms are to be regarded as just depends upon the facts of the particular case. It is a matter within the discretion of the trial court. This court interferes with the exercise of that discretion only when it has been abused. *Jones v. Walker,* 22 Wis. 220; *Morgan v. Bishop,* 61 Wis. 407.

In this case the plaintiff found himself in error. He had omitted from his action a necessary party defendant. He was likely to be defeated unless the court should grant him indulgence. He should be allowed to correct his error, but on such terms as were just. It was just, of course, that the consequences of his error should fall upon himself. The defendants were in no fault about it. They had notified him by their answer of his error before costs had accumulated and while the error could readily have been corrected. If costs had accumulated it was by the fault of the plaintiff. Yet the court allowed the plaintiff to correct his error, and visited the consequences of it upon the defendants. It not only allowed the plaintiff to correct his error without imposing terms, but required the defendants to pay him a bonus. His error is made profitable to him. This is an abuse of discretion. The plaintiff should have been required to pay terms to the defendants.

*By the Court.*— The order of the superior court of Milwaukee county is reversed, and the cause remanded for further proceedings according to law.