# *Ex parte* Bogatsky Brothers & Co.

### *Petition for Mandamus.*

1. *Certiorari; right of one of two defendants to obtain writ.*—Under the provisions of the statute (Code, § 481), one of several defendants against whom a judgment has been rendered by a

[*Ex parte* Bogatzky Brothers & Co.]

justice of the peace in a suit pending in the court of said justice of the peace, may appeal from such judgment or take his case by *certiorari* to the circuit court; and as to such defendant, if not as to the other defendants, the case when so removed to the circuit court will be tried *de novo.*

Bogatzky Bros. & Co. instituted a suit in a justice of the peace court against "A. B. & N. Fleisher, a firm composed of A. B. and N. Fleisher, and also A. B. Fleisher," to recover upon an itemized account. The return made by the constable on the summons and complaint was as follows: "Executed by personal service on A. B. & N. Fleisher, this the 11th day of March, 1902." Judgment was rendered against the defendants, and upon this judgment execution was issued. Thereafter A. B. Fleisher filed his petition in the circuit court of Jefferson county, addressed to Hon. A. A. A. Coleman, judge of the tenth judicial circuit, in which he asked for a *certiorari* to bring up the proceedings in the justice court for review by the circuit court. One of the grounds of the petition for *certiorari* was that said petitioner was not served with process, and, therefore, the judgment rendered against him was void. The writ of *certiorari* was issued as prayed for. Thereupon Bogatzky Bros. & Co., plaintiffs in the said suit before the justice of the peace, moved the court to dismiss the writ of *certiorari* upon the following grounds: "1. That the facts set forth in said petition and on which the same is predicated are untrue in this, that there is no judgment in said lower court against said A. B. Fleisher alone. 2. That the said defendant, by his petition, has misled and deceived this court, in that the said judgment in the lower court is against a partnership, and also against the said parties, of which said A. B. Fleisher is one. 3. That the said defendant, in his said petition, has set up a fact that occurred subsequently, for reason that the same was improperly rendered. 4. That there is no judgment in said lower court against said A. B. Fleisher, alone, wherefore return of said writ is impossible, or if made, erroneous." Upon the hearing of this motion the court overruled the same. Bogatzky Bros. & Co. now file their petition in the

25c

Supreme Court asking for the issuance of a *mandamus* directed to the judge of the tenth judicial circuit commanding him to set aside his former order overruling the motion of the plaintiffs, and to dismiss the writ of *certiorari* heretofore issued by him.

STERLING A. WOOD, for petitioners, cited *Bank v. Cheney,* 120 Ala. 117; 1 Mayfield's Digest, 606, §§ 12-18; *Walker v. Hill,* 21 Me. 481; 15 Ency. Pl. & Pr., 463, note; *Sheldon v. Quinley,* 5 Hill, 441; *Huckabee v. Nelson,* 54 Ala. 12; *Brown v. Levin,* 6 Port. 414; *Inman v. Vohel,* 141 Ind. 138; *Stokes v. Williams,* 32 Tex. 211.

LOMAX, CRUM & WEIL and LEE J. MARX, *contra,* cited 2 Brick. Dig., 240, § 4 and authorities cited; *State ex rel. Harrell v. Railroad Co.,* 59 Ala. 321; *Chisholm v. McGehee,* 41 Ala. 192; *Ex parte Campbell,* 130 Ala. 171; *L. & N. R. R. Co. v. Lancaster,* 121 Ala. 471; *Abraham v. Allford,* 64 Ala. 281; *Harsh v. Heflin,* 76 Ala. 499; *Bank v. Barker,* 8 Tex. App. 330; *Moore v. Jordan,* 65 Tex. 396; *Bundy v. Bruce,* 61 Vt. 619; *Fletcher v. Baldine,* 20 Vt. 124; *Claflin v. Bank,* 46 Neb. 884; *Polk v. Cavel,* 43 Neb. 884.

HARALSON, J.—The petitioners insist that their motion to dismiss the writ of *certiorari* in the lower court should have been granted, because the judgment in the justice's court was against the partnership of A. B. & N. Fleisher, and also against A. B. Fleisher, and that the *certiorari* was sued out by A. B. Fleisher alone; or, in other words, because the judgment in the justice's court was against two defendants,—A. B. & N. Fleisher, a partnership under that name, and against A. B. Fleisher individually,—the cause could not be carried to the circuit court by *certiorari,* as was here done, by A. B. Fleisher, one of the defendants.

Formerly (Toulmin's Dig., 510, § 3), the statute as to appeals and writs of *certiorari* from a justice's court to the circuit court provided that "Any person aggrieved by the judgment of any justice of the quorum, or of the peace, may within five days thereafter appeal to the next

superior court sitting for his county." A similar statute appears in Clay's Digest, 446, § 11.

In the Code of 1852, section 2864, it was provided "that either party aggrieved by the judgment rendered * * * may prosecute an appeal thereon," etc., and in the Code of 1896, section 481, that "any party may appeal," etc. In construing the act of 1814, appearing in Toulmin's Digest, it was held in *Craig v. Atwood,* 1 S. & P. 86, that where an action is brought against several defendants in a justice's court, one of them without the concurrence of the others, may prosecute an appeal or sue out a writ of *certiorari.* The court said : "If *any person aggrieved* has the right to have that grievance redressed, he would be deprived of that right, if a co-defendant should refuse to join with him in the appeal, and thereby defeat what the legislature has made ample provisions for, and fasten an unjust judgment, in many instances, upon one of several defendants. This could not be consonant to reason and to justice. Hence, I conclude that one of several defendants has the right to appeal and execute a bond independent of his co-defendants, and by that means remove the proceedings from the justice jurisdiction into a higher tribunal."

The word "*person,*" as formerly used in the statute, is one, it may be, or larger significance than the word "party," as used in the later one, but it certainly includes a party. The two words, in common discourse, are used often synonymously. A person not a party to judicial proceedings, is not generally concluded by them, and has no right of appeal from any judgment or decree rendered therein. In some instances he may propound his interest by petition to the court below, and, after notice to the party having an interest, have himself made a party for the purpose of an appeal.—*Reese v. Nolan,* 99 Ala. 203. The construction given to the earlier statute in the case referred to, is as applicable, therefore, to the present statute as if it had been rendered thereon. Indeed, it is difficult to see how the use of the word person, in the one, and party, in the other, makes any difference in them.

The former statute provided, as does the present one, that cases taken by appeal or *certiorari* from the jus-

[Kansas City, Memphis & Birmingham Railroad Co. v. Wagand.]

tice's to the circuit court, must be tried *de novo.* Whether the appeal or *certiorari* by one of two or more defendants, has the effect to transfer the entire cause to the circuit court, or only the case of the one appealing, there to be tried *de novo,* it is, perhaps, unnecessary now to decide; but, however that may be, it cannot be questioned, without disregarding the very terms of the statute, and the decision of the court in construction of it,—a construction which has received legislative adoption in the repeated re-enactment of it,—that one of the several defendants may appeal or take his case by *certiorari* to the circuit court, and as to himself, at least, if not as to the others, have his case tried anew.

Section 426 of the Code, as to appeals to the Supreme Court from judgments and decrees of lower courts, and the construction placed on it, has no application to the statute in question.

The motion to dismiss the *certiorari* was properly overruled.

Petition for *mandamus* denied.