## H. L. GRIFFIN COMPANY v. HOWELL, Judge.

No. 2110. Decided January 14, 1911 (113 Pac. 326).

1. MANDAMUS—RULINGS REVIEWABLE—DISSOLUTION OF ATTACHMENT. A ruling by the district court dissolving an attachment is not reviewable on application for a writ of mandate to compel the district court to reinstate and proceed with the case. (Page 361.)

2. COURTS—JURISDICTION—DETERMINATION. A court cannot divest itself of jurisdiction by erroneous decision that it has no jurisdiction. (Page 361.)

3. ACTION—NATURE—CONTRACT OR TORT. A complaint stating that plaintiff bought goods from defendant, who agreed to properly load them for shipment, but negligently failed to do so, rendering goods unmarketable, etc., states an action on contract and not in tort. ((Page 361.)

4. ATTACHMENT—BASIS. An attachment rests on the affidavit therefor and not the complaint. (Page 361.)

5. ATTACHMENT—JURISDICTION OF RES—BASIS. The court's control over the res in attachment arises from seizure of the property under the writ. (Page 361.)

6. ATTACHMENT—NATURE OF PROCEEDING. Attachment against personalty is in the nature of a proceeding in rem, and also of an action in personam. (Page 362.)

7. ATTACHMENT—NATURE. If defendant in attachment is served within the jurisdiction, or appears generally, the proceeding is in the nature of a personal action, making him personally liable, regardless of the attachment. (Page 362.)

8. ATTACHMENT—JURISDICTION OF DEFENDANT. Since attachment does not bring defendant into court, its object being to give plaintiff execution against the thing attached, the proceeding being *quasi in rem*, where defendant is not served and does not appear, the judgment cannot go beyond the property attached. (Page 362.)

9. ATTACHMENT—DISSOLUTION—EFFECT. Dissolution of an attachment on defendant's special appearance does not divest the court of jurisdiction to further proceed. (Page 362.)

10. APPEARANCE—SPECIAL APPEARANCE—EFFECT. Special appearance to vacate a default judgment in attachment does not cure any want of jurisdiction when the judgment was entered, but is such appearance as makes the judgment binding, unless appealed from, after a decision refusing to vacate the judgment. (Page 363.)

11. APPEARANCE—ACTS CONSTITUTING—APPEAL. Under Comp. Laws 1907, sec. 3745, making all appeals to the district court triable anew, a general appeal from a final judgment of a justice or a municipal court requires trial *de novo* on the merits in the same manner as actions originally commenced in district court, and constitutes a general appearance conferring jurisdiction. (Page 364.)

12. JUSTICES OF THE PEACE—APPEAL—NATURE. The statutory provision that on appeal to the district court either party may have the benefit of all legal objections made in justice court, does not make a general appeal to the district court a mere proceeding to correct errors, since that would conflict with the other provision that such appeal shall be tried *de novo*. (Page 365.)

13. MANDAMUS—SUBJECTS OF RELIEF—JUDICIAL PROCEEDINGS. Mandamus lies to compel the district court to proceed in a case of which it has acquired jurisdiction by a general appeal from a municipal court. (Page 366.)

Application by the H. L. Griffin Company for a writ of mandate against Hon. J. A. Howell, Judge of Second District Court, in and for Waber County, Utah.

WRIT ISSUED.

*J. D. Keen* for plaintiff.

*M. E. Wilson* and *J. D. Johnson* for defendant.

STRAUP, J.

An application is here made for a writ of mandate. The H. L. Griffin Company on the 10th of March, 1908, filed a verified complaint in the municipal court at Ogden—a court which, for all purposes of this proceeding, may be denominated a justice court—against George A. Vanderbeck, wherein it was alleged that "the plaintiff purchased from the defendant one car load of onions at Toledo, Ohio, and paid therefore the sum of four hundred and eighty-seven dollars; that said defendant undertook and agreed to load the said onions in a car and to properly pack them so that they could be safely transported to the city of Ogden; that said defendant carelessly and negligently lined said car with paper and failed and neglected to provide proper ventilation for said car, by reason of which said onions became spoiled and unmarketable," to plaintiff's damage in the sum of two hundred dollars. An affidavit for attachment was filed, wherein it was averred that the defendant was indebted to the plaintiff in the sum of two hundred dollars upon a contract, and that the defendant was a nonresident. A writ of attachment was issued and property of the defendant consisting of money in the sum of two hundred and ten dollars was seized at Ogden. There was no personal service, but a publication of summons. On the 29th of June, 1908, the default of the defendant was entered and upon the evidence adduced on behalf of the plaintiff a judgment was entered against the defendant for the sum of two hundred dollars and eight dollars and seventy cents costs, and the attached property proceeded against in satisfaction thereof. On the 22d day of July, 1908, the defendant served and filed a written motion and notice, in which he stated that he appeared specially for the purpose of the motion, to vacate and set aside the judgment on the ground that the court, when the judgment was entered, had no jurisdiction of his person nor of his property. The motion was argued by counsel for the respective parties

and by the court denied on the 30th day of July, 1908. Thereupon the defendant, on the 21st day of October, 1908, took a general appeal to the district court "from the judgment therein made, and entered in said municipal court on the 29th day of June, 1908, in favor of the plaintiff and against the defendant, and from the whole thereof." After the papers had been transmitted to the district court the defendant, on the 16th day of December, 1908, served and filed a written motion and notice (again stating he appeared specially for the motion) to discharge the attachment theretofore issued by the municipal court, on the ground that it was improperly and irregularly issued, in the particular that the action was not one upon contract, express or implied, but in tort, "as is shown by the complaint in said action." This motion was argued and submitted to the court on the 9th day of January, 1909. On the 18th day of November, 1909, the district court not only discharged the attachment, but also dismissed the action and refused to further proceed with the case. The plaintiff thereupon applied to this court for a writ of mandate to compel the district court to reinstate the case and to proceed with it, and also to reinstate the attachment.

The district court evidently proceeded on the theory that in the complaint a cause of action in tort and not on contract was alleged; and since the statute permitted an attachment of property to satisfy an indebtedness or demand on contract only, and not in tort, the municipal court was not authorized to issue the attachment, and for that reason the district court dissolved it. It then dismissed the action on the theory that since there was no service on the defendant within the jurisdiction of the court, and no appearance made by him before judgment, a seizure of property of the defendant within the jurisdiction of the court upon a writ of attachment properly issued on an indebtedness or demand on contract was essential to confer jurisdiction on the municipal court to proceed and render a judgment, which proceeding in such case became a proceeding *in rem,* and since the municipal court improperly issued the writ, and was with-

out jurisdiction to render a judgment, no jurisdiction was conferred on the district court by the appeal; that if jurisdiction was conferred, it was lost when the district court dissolved the attachment, the proceeding being one *in rem;* that the court was then without jurisdiction to further proceed in the action because it had no jurisdiction of the person of the defendant, notwithstanding the general appeal, so as to render a personal judgment against him; and that even though it had acquired such jurisdiction, still the district court was not authorized to convert the proceeding characterized *in rem* in the municipal court into an action *in personam* in the district court.

The ruling made by the district court dissolving the attachment is not reviewable by us, on a proceeding of this kind, except to the extent in which jurisdictional matters may be involved. A court having conferred upon it jurisdiction may not divest itself of jurisdiction not depending upon facts, by an erroneous decision on matters of law that it has no jurisdiction. The complaint in the municipal court, though brief and somewhat incomplete in some particulars, yet characterized the action as one on contract and not in tort. But in considering the jurisdictional matters in that respect we think too much stress was laid on the complaint. To entitle a plaintiff to a writ of attachment, the nature and amount of the indebtedness, whether upon a judgment or a contract express or implied, are required to be stated in an affidavit to be filed by him or in his behalf. An affidavit was filed on behalf of the Griffin Company in which were stated the amount of the indebtedness, and its nature to be on contract. To what extent a verified complaint may be looked to for the purpose of disputing or aiding averments in the affidavit need not now be considered. It may be that a variance between essential averments of the affidavit and the complaint may support a plea in abatement or a motion to dissolve the attachment. But it is the averments of the affidavit, not the complaint, which confer the power to issue the writ; and it is the seizure of prop-

erty of the defendant under the writ and within the juris-
diction of the court which gives it control over the *res* and
the power to proceed against it. Of course to authorize the
court to properly deal with and dispose of it, there must
also be a complaint, as in an action *in personam,* and also
service or publication of summons as by the statute provided.
But that which authorizes the seizure of the property and
which brings the *res* into court and gives it control of it, is
the affidavit and writ, not the complaint.

A proceeding to enforce the payment of a debt or demand
by attachment against the defendant's personal prop-
erty within the jurisdiction of the court partakes
in its nature and character of a proceeding *in rem*
and also of an action *in personam.* If the defendant is
served within the jurisdiction, or appears generally, the pro-
ceeding is in the nature of a personal action. He is liable
in such case to a personal judgment, if the indebtedness is
established, irrespective of the property seized, with the
added incident that the property attached remains liable
under the control of the court to answer to the demand es-
tablished against the defendant by the final judgment of the
court. If there be no such service or appearance of the de-
fendant, then the proceeding is in its nature *in rem,* or, more
accurately speaking, *quasi in rem,* the only effect of which
is to subject the property attached to the payment of the de-
mand which the court may find to be due to the plaintiff.
The attachment does not bring the defendant into court.
Its object is to give the plaintiff execution against
the thing attached. And where there is no service
within the jurisdiction, and no appearance, the judg-
ment, of course, cannot go beyond the property attached.
The proceeding in such case being against the property, if
the attachment be set aside the *res* is gone; and if there be
no service or appearance, the jurisdiction of the court
to further proceed is also gone. If, however, the
defendant has been served, or has generally appeared
in the case, its jurisdiction is retained though the attachment
is dissolved. These views are statements of mere elementary

principles and are supported by the following authorities and cases: Brown on Jurisdiction, sections 59, 71, 72; Bailey on Jurisdiction, sections 220, 221; *Cooper v. Reynolds,* 10 Wall. 308, 19 L. Ed. 931; *Freeman v. Alderson,* 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372; *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565.

From what has been said by us it necessarily follows that the municipal court had jurisdiction to issue the attachment and to render the judgment which was rendered by it. When the defendant took the general appeal from that judgment to the district court, undoubtedly that court acquired whatever jurisdiction was possessed by the municipal court. When it dissolved the attachment its power to proceed against the property was gone. Here, then, is it strenuously asserted that since the action was *in rem* and the *res* gone, the jurisdiction of the court to further proceed in the case was also gone, it being urged that the defendant's appearing in the municipal court and seeking to set aside the judgment, and subsequently taking a general appeal from the judgment and the whole thereof to the district court, did not constitute such an appearance in the case as to give the district court jurisdiction of his person so as to render a personal judgment against him. If that be true, then the district court divested itself of jurisdiction by an erroneous decision involving jurisdiction not depending upon facts, but solely upon a misconception of the character of the complaint and of the law. But the dissolution of the attachment, whether right or wrong, did not divest the court of jurisdiction to further proceed. The defendant's appearance in the municipal court seeking to set aside the judgment was denominated by him a special appearance only for such purpose. Of course, such an appearance would not relate back and cure any want of jurisdiction which might have existed at the time of the entering of the judgment. Still, it was such an appearance in the case as would render the judgment binding upon him, unless appealed from, after the decision of the court refusing to set aside the judgment on the defendant's motion, though there was a want of juris-

diction of his person when the judgment was entered. And it has been held that an appeal taken even to a reviewing court after such an appearance and refusal to set aside a judgment for want of jurisdiction of the person constitutes a general appearance, in the sense that, on reversal and remand to the trial court, the defendant was in court for the purpose of further proceedings, without any further steps to bring him into court, even though the judgment was reversed on the ground that the trial court had not acquired jurisdiction of the person of the defendant when the judgment was rendered. (3 Cyc. 511; *Park v. Higbee,* 6 Utah, 414, 24 Pac. 524.) It is not necessary to determine whether such an appearance in the municipal court was sufficient to constitute a general appearance so as to confer jurisdiction of the person. We are of the opinion that the general appeal from the whole of the judgment to the district court, thereby transferring the whole case from the municipal court to the district court there to be tried anew, constituted a general appearance in the case, and conferred jurisdiction on the district court to render a personal judgment against the defendant. In an appeal taken to a reviewing court to determine the case upon errors of law committed by the municipal court it might well be that the appeal taken would confer no greater jurisdiction of his person on the appellate court than was possessed by the municipal court; and in the event of a reversal and remand of the case for want of jurisdiction of the person to render the judgment, the defendant would only be in court for the purpose of further proceedings on remittitur. But under our statute (Comp. Laws 1907, section 3745), it is provided that "all cases appealed to the district court shall be heard anew in said court," and that pleadings in the district court may be amended in all respects in the same manner and upon the same terms as provided for the amendment of pleadings in cases originally commenced in the district court. Under such a statute a general appeal from a final judgment of a justice or municipal court to the district court invokes the jurisdiction of the latter court to a trial *de novo* of the cause on

the merits in the same manner as actions originally commenced in the district court, and constitutes a general appearance in the case, and confers jurisdiction of the person on that court. (3 Cyc. 510; 4 Enc. L. & P. 1038; 2 Enc. Pl. & Pr. 614.)

What was the jurisdiction here invoked by the general appeal of the defendant? To merely try and determine the question whether the attachment was properly issued and the property lawfully seized? If the district court should have held against the defendant on that question, was he not also entitled to have fully tried and determined the question of indebtedness, and his personal obligation and liability with respect to it? We think so. By the taking of such an appeal he caused the judgment of the municipal court to be vacated and the whole case transferred, and the pleadings, all notices, motions, and other papers filed in the case, and a certified copy of the docket, transmitted to the district court there to hear and try the whole case *de novo*. We need not now inquire into the question of whether the defendant under the statute could have taken a special appeal on a question of law alone as may be done under the California statutes, nor as to the effect of such an appeal with respect to an appearance, nor the questions to be tried and determined on that kind of an appeal, for such an appeal was not taken. Nor is it necessary to determine the effect to be given the further provision of the statute that "in the district court either party may have the benefit of all legal objections made in the justice court," except to say that it does not mean what is contended for, having the effect of making a general appeal to the district court a mere proceeding in error conferring upon the district court the power to review and correct errors. To so construe that provision of the statute renders it in direct conflict with the other provision that "all cases appealed to the district court shall be heard anew in said court." Any further construction of it is unnecessary to this decision. The ruling which the municipal court made refusing to set aside the judgment was not presented to the district court, and, besides, the effect of such

ruling was entirely removed when the general appeal was taken which itself not only set aside and vacated the judgment in the municipal court, but also transferred the whole case to the district court. The defendant, by thus taking the general appeal and invoking the jurisdiction of the court upon the merits, must be held to have made a general appearance in the case, and thereby conferred jurisdiction of his person on that court, whose legal duty it was to proceed with the trial; and, upon a refusal, mandamus will lie to compel the court to do so. (*Acker v. Superior Court,* 68 Cal. 245, 9 Pac. 109, 10 Pac. 416.)

In this view of the case the seizure and control of property of the defendant was not essential to the jurisdiction of the district court to proceed. It undoubtedly had, as did the municipal court have, jurisdiction of subject-matter, and it by the general appearance having acquired jurisdiction of the person of the defendant, its jurisdiction to proceed did not depend upon the ruling dissolving the attachment. Such ruling, under such circumstances, constituted mere error not reviewable and not capable of correction in this proceeding. Our mandate, therefore, will not issue to reinstate the attachment. It will, however, issue to reinstate the case and to require the district court to assume jurisdiction and to proceed with the cause. It is so ordered. No costs allowed.

FRICK, C. J., and McCARTY, J., concur.