NICOLO v. EVANS, District Judge, et al.

No. 3304.   Decided February 10, 1921.   (195 Pac. 202.)

JUSTICES OF THE PEACE—DEFENDANT WHO MIGHT HAVE BEEN SUED ALONE MAY APPEAL WITHOUT JOINING CODEFENDANTS. Under Comp. Laws 1917, § 7514, authorizing any person dissatisfied with the judgment of a justice's court to appeal therefrom, and section 7515, requiring causes appealed to the district court to be heard anew, where the action could have

been prosecuted against one of the defendants alone, and judgment is rendered against all, any one of the defendants may appeal and have the case tried as if he were the only defendant, and his failure to join his codefendants is not ground for dismissal.[1]

Original application by Louis Nicolo for a writ of mandate against *P. C. Evans*, Judge of the District Court of Salt Lake County, and another.

WRIT GRANTED.

*R. Gilray* and *H. V. Van Pelt*, both of Salt Lake City, for plaintiff.

*David W. Moffat*, of Murray, for defendants.

FRICK, J.

The plaintiff applied to this court for a writ of mandate against Hon. P. C. Evans, as judge of the district court of Salt Lake county, to require said judge to reinstate, hear, and determine upon its merits an appeal to said court which was taken by the plaintiff in this proceeding from a judgment of the justice court of Murray precinct, Salt Lake county, in an action wherein the Miller-Cahoon Company, a corporation, was plaintiff, and the plaintiff herein and one C. A. Lewis were defendants, which appeal, it is alleged, said district court wrongfully dismissed. The necessary facts are fully stated in the application for the writ.

After judgment had been entered in said justice court in favor of said Miller-Cahoon Company, the plaintiff herein alone appealed from said judgment to said district court without making his codefendant a party to the appeal and without serving him with notice thereof, notwithstanding the

---

[1] *Hoffman* v. *Lewis*, 31 Utah, 179, 87 Pac. 167; *Griffin* v. *Howell*, 38 Utah, 357, 113 Pac. 327.

judgment in the justice court was against both.  The Miller-Cahoon Company filed a motion to dismiss said appeal upon various grounds, but the only ground which was tenable, stating it in the language of the motion was "that said defendant Louis Nicolo  *  *  *  failed and neglected to serve with notice of appeal all adverse parties to said action."  The district court, following the ruling which ordinarily prevails on appeals from the district courts to this court, dismissed the appeal upon the ground that Nicolo had not made his codefendant a party to the appeal and had not served him with notice thereof.  The plaintiff insists that the rule which ordinarily is applicable with respect to practice on appeals from the judgments of district courts to this court has no application with respect to appeals to the district courts from judgments obtained in justice courts, and that therefore the district court wrongfully dismissed said appeal and should be required to reinstate the same within the rule laid down in *Hoffman* v. *Lewis*, 31 Utah, 179, 87 Pac. 167.  In view of the provisions of our statute which control here we are of the opinion that the plaintiff's contention should prevail.  Comp. Laws Utah 1917, § 7514, so far as material here, provides:

"Any person dissatisfied with a judgment rendered in a justice's court  *  *  *  may appeal therefrom to the district court of the county at any time within thirty days after the rendition of any final judgment."

The statute thus confers the right of appeal upon "any person dissatisfied with the judgment."  After the appeal is taken and filed in the district court it is controlled by section 7515, which reads as follows:

"All causes appealed to the district court shall be heard anew in said court, and said court may regulate by rule the practice in such cases, in all respects not provided for by statute; provided, that pleadings in the district court in said cases may be amended in all respects in the same manner and upon the same terms as are now or hereafter may be provided for the amendment of pleadings in cases originally commenced in the district court."

The district courts of this state, under our statute, in appeal cases, are not merely courts of review as is this court.

The district courts have original jurisdiction in all cases, and concurrent jurisdiction with all inferior courts that are appealed from those courts to the district courts. For that reason this court, in *Griffin* v. *Howell*, 38 Utah, 357, 113 Pac. 327, held that all cases appealed to the district court must be tried de novo by said courts. A mere cursory reading of the statute giving the right of appeal from justice courts to the district courts will, we think, convince any one that it was the intention of the statute to give the parties the same right to try appealed cases in the district courts that they have in trying cases originally commenced in those courts and that such rights relate to all the proceedings, including the parties to the actions, etc. If such an effect is not given to the statute, then its very language must be ignored. The statute is clear and explicit that "any person dissatisfied with the judgment" may appeal. This, as a matter of course, means a party to an action, and not a stranger. It, however, means any party to the action, and not that all must necessarily join in the appeal. *Marlett* v. *Docter*, 89 Wis. 347, 61 N. W. 1125; *Ex parte Bogatsky*, 134 Ala. 384, 32 South. 727. If, therefore, as in the case at bar, the action could have been prosecuted against only one of the defendants, if there be more than one, and judgment is rendered against all, any one of the defendants may appeal from the judgment to the district court and have the case tried there as though he were the only defendant. What effect the judgment of the court below has upon the nonappealing defendant or defendants is a matter not involved in this proceeding, and upon that we express no opinion. Nor is it material here to pass upon whether the omitted parties may be brought into the case in the district court as if the case had originated there. It is sufficient to decide now that in this case the plaintiff was clearly within his rights in appealing alone from the judgment, and in that regard it was the duty of the district court to try the case upon its merits precisely as though it had been commenced in that court.

We remark that a peremptory writ of mandate was issued by this court at the time the application therefor was filed.

We at that time, however, did not file a written opinion, but, in view that the question is one which, it seems, frequently arises in the district courts, and in view that there are frequent inquiries both by the district judges and members of the bar respecting the ruling of this court upon the present application, we have deemed it best to file a written opinion at this time in order to set the question at rest.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.