**BURR, Admr et v
AMERICAN INCUBATORS, INC et**

Ohio Appeals, 5th Dist, Morrow Co

Decided April 27, 1933

T. B. Mateer, Mt. Gilead, for plaintiff Burr.

Benjamin Olds, Mt. Gilead, for American Incubators, Inc.

## OPINION

By MONTGOMERY, J.

Motions for a new trial having been filed by each of the parties and having been overruled, judgment was rendered for the defendants for the difference between the two verdicts. From this judgment both parties have prosecuted error, case 290 being error proceedings instituted by defendant, Burr individually and as administrator of his co-defendant now deceased, case 291 having been instituted by the plaintiff below. In each of these proceedings there is a prayer for reversal of the judgment of the court below. Each of these prayers will be granted. There may be a judgment of reversal in each proceeding.

The record shows that upon the institution of the proceeding in the Court of Common Pleas, an order for delivery of the property was issued to the sheriff of Morrow County. His return is in evidence although the record shows he never filed his return. It shows that he took possession of the property described and caused the same to be appraised, all in accordance with §12055, GC.

The record shows that the plaintiff gave bond as required by §12056, GC, but the record fails to show that the sheriff ever delivered the property to the plaintiff. It appears that he took possession of the property by locking the building belonging to the defendants in which this personal property was located. In other words, he deprived the defendants below of possession of the property and did not deliver it to the plaintiff.

Plaintiff below claims that the verdict on its behalf is justified under §12070, GC,

We do not think this contention tenable. That section provides—

"When the property claimed is not taken or is returned to the defendant by the sheriff for want of the bond required of the plaintiff, the action may proceed as one for damages only and the plaintiff shall be entitled to such damages as are right and proper."

This section is not applicable, because the property was taken and was not returned to the defendants. In view of this situation, the plaintiff below was not entitled to have the cause proceed to a determination of the value of the property or the amount of damages.

In going to the contention of the defendants below, it will be observed that the contract of sale of this incubator itself contained no warranty and the contract on its face recites—

"this contract covers all agreements between the parties."

The defendants below therefore were not entitled to claim or offer evidence of any express warranty or breach of the same; this would be nothing more or less than an attempt to vary by parol evidence the terms of a written contract.

It appears from the record that the plaintiff below, as a part of its documentary evidence, offered what it is contended now is an express warranty and so cannot complain. However, the defendants below were permitted over objection to offer in evidence proof of defects of other incubators, noticeable in this respect is Defendant's Exhibit No. 1. Such evidence is clearly erroneous and prejudicial and should not have been permitted.

Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.