ALFRED DESCHENES,

*Plaintiff and Appellant,*

v.

CLAUDE BEALL, CHARLES BEALL and HOMER REEVES, Individually and as the firm of Red Rim Fertilizer and Phosphate Association,

*Defendants and Respondents.*

(No. 2308; Jan. 2, 1945; 154 P. 2d 524)

For the Plaintiff and Appellant there was a brief and also oral argument by *Ernest J. Goppert,* of Cody, Wyoming.

For the Defendants and Respondents there was a brief and also oral argument by *L. A. Bowman,* of Lowell, Wyoming.

## OPINION

BLUME, Chief Justice.

This is an action, designated as one of replevin, brought by Alfred Deschenes, plaintiff, against Claude Beall, Charles Beall, et al., defendants. The appeal herein is taken by the plaintiff from an order granting a new trial and dismissing the action. The plaintiff will be designated herein as such. Claude Beall and Charles Beall are the only defendants who appeared herein and they accordingly will be referred to hereafter as the defendants.

The plaintiff alleged that he was entitled to the possession of certain personal property, consisting of a crusher, tractor and other property, by virtue of a chattel mortgage executed by the defendants to the plaintiff; that plaintiff is entitled to the possession of said property by virtue of the terms of the chattel mortgage; that plaintiff made a demand upon the defendants for such possession but that the defendants have failed and refused and still fail and refuse to deliver said goods and chattels to the plaintiff and that defendants wrongfully detain and withhold the same from the possession of plaintiff; that plaintiff has been damaged in the sum of $2800.00 by reason of the unlawful detention of the property. Plaintiff, accordingly, asked to recover judgment against the defend-

ants for the possession of the property or the value thereof in case possession could not be had and for judgment for $2800.00 damages for the unlawful detention of the property. A copy of the mortgage above mentioned was attached to the petition as a part thereof. On May 2, 1940, an affidavit was filed apparently in conformity with the statutory provisions for obtaining immediate possession of the property. A summons was issued on the same day and duly served on the defendants above named on May 3, 1940. A paper purporting to be a writ of replevin was issued on the same day, but it was shown thereafter that the writ was not signed by the Clerk of the District Court of Big Horn County, in which County the action was commenced. The property was duly appraised according to the provisions of the statute and the appraised value thereof was fixed at $1231.50. We do not find in the record any return made upon the purported writ of replevin but it appears that the sheriff actually took possession of the property claimed by the plaintiff and a bond, as required in an action of replevin, was duly executed on May 2, 1940. On May 24, 1940, Claude and Charles Beall, the defendants, appeared in the action by their attorney by a motion asking that the plaintiff make more specific and certain the allegations contained in the petition, and asking that plaintiff should itemize the specific damages which he claimed to have sustained by reason of the detention of the property. On the following day, namely on May 25, 1940, the defendants filed in the case their motion to quash the summons and return thereon and the appraisement in replevin, as filed therein, for the reason and on the ground that the cause is a purported action of replevin and that no writ of replevin has been issued in the case and that, accordingly, all proceedings which had been taken in the case are void. On June 7, 1940, the court overruled the motion to make more

specific and sustained the motion to quash the writ. Thereafter, on June 27, 1940, the plaintiff caused to be issued in the case an alias writ of replevin which appears to have been served on the defendants. On July 15, 1940, the defendants filed a motion to quash the alias writ of replevin on the ground that it is insufficient in law to constitute a legal process and that it is unsupported by any legal affidavit. Affidavits were attached to this motion to the effect that at the time when the alias writ of replevin was issued the property was not in fact in the possession of the defendants. On October 10, 1940, the court sustained the motion but it does not appear upon what ground this was done. On October 28, 1940, the plaintiff filed an amended petition in the case alleging again the fact of the execution of a chattel mortgage; the right to the possession of the property; that defendants failed and refused to deliver it, and alleging further that the plaintiff took possession of the property under the chattel mortgage. The demurrer filed to this answer was overruled. Thereafter, on April 10, 1942, the defendants filed their answer and cross-petition in the case, claiming that they were lawfully entitled to the possession of the property, claiming damages of the plaintiff in the sum of $10,250.00 for unlawfully converting the property. Thereafter the case was referred to the *Hon. Sam M. Thompson,* Judge of the First Juidcial District of this State, for trial, and judgment was entered in the case on June 24, 1943, adjudging that the plaintiff was on May 2, 1940, entitled to the possession of the chattels and property described in the chattel mortgage hereinabove mentioned and giving judgment in favor of plaintiff and against the defendants for $50.00 as damages for the unlawful detention of the property and the cost of the action. On June 28, 1943, the plaintiff filed a motion for a new trial. Judge Thompson on August 21, 1943, find-

ing that the time limit of 60 days from June 24, 1943 was insufficient to dispose of the motion for a new trial, ordered that the time be extended for an additional 90 days from and after August 24, 1943, and another order was entered in the case on November 22, 1943, again extending the time for ruling upon the motion for a new trial to December 24, 1943. On March 10, 1944, Judge Thompson, by an order entered of record on March 28, 1944, sustained the motion for a new trial and dismissed the action, finding that the court was without jurisdiction in the case and that the petition failed to state a cause of action. From that judgment the plaintiff has appealed to this court by direct appeal.

It is claimed that Judge Thompson, Judge of the First Judicial District of this State, did not have jurisdiction to act upon the motion for a new trial and to dismiss the action for the reason, first, that he could not act upon these matters outside of the Fifth Judicial District, and, second, that since the motion for a new trial was acted upon more than 60 days after December 24, 1943, it was automatically overruled pursuant to Chapter 112, S. L. 1935. It is not necessary to pass upon these contentions and we need only to consider the main point herein, namely, whether or not the court had the power to proceed and try the case after the motions to quash the replevin writ and the alias replevin writ were sustained.

Counsel for the defendants, respondents herein, states in his brief:

"The Record herein discloses that the action as originally instituted in the District Court of Big Horn County, Wyoming, was an action in Replevin, the Petition being so designated, and the pleading definitely discloses this fact. The Record further discloses that no Order of Delivery or Writ of Replevin was ever issued in said matter, and that the Plaintiff below, has

endeavored to continue with the action as a suit for damages or to obtain a Declaratory Judgment. The position of Defendants has always been that in as much as there was never a Writ of Replevin issued in the action, the Court has no jurisdiction to proceed with the action as one for damages only, or to obtain a declaratory judgment, and the amended petition herein does not state a cause of action under our statute."

Counsel for the plaintiff, Appellant herein, contends that notwithstanding the fact that the writs of replevin were quashed the court had jurisdiction to proceed and determine the merits of the case. The court in dismissing the action evidently took the view of the defendants herein. The question that the petition does not state a cause of action is not argued separately from the question of jurisdiction and we presume that the claim of the insufficiency of facts in the petition is based upon the claim of absence of jurisdiction.

Section 89-301, Rev. St. 1931, provides that: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing are abolished, and in their place there shall be hereafter but one form of action, which shall be called a civil action." And it should be borne in mind that the name given to an action is no longer of any importance and is apt to mislead. The great author on Code Remedies (Pomeroy on Code Remedies, 5th Ed., Section 49), speaking of names of actions, states that:

"Much of the doubt and confusion which even yet accompany the administration of justice in those States which have adopted the reformed system of procedure, is due to a retention of these names by the bench and the bar; and I believe that the reform itself will never produce its full results in simplicity and scientific accuracy until the ancient nomenclature is utterly forgotten or banished from the courts. The two systems of procedure are so entirely different, they are based upon notions so absolutely unlike, that any intermingling of

their elements is impossible; and one which has been introduced by the legislative will must be left to be developed according to its own distinctive principles, without any interference from that which has been abandoned and discarded."

The common law had two forms of action for the recovery of personal property, one of which was that of replevin, commenced by the issuance of a writ; the other was known as the action of detinue, commenced by petition and summons or the equivalent thereof. Our statutory action for the recovery of personal property is a substitute for both of these actions. Boswell v. Bank, 16 Wyo. 161, 209, 92 P. 624, 93 P. 661. Article 40 of the Statutes of 1931, now headed by the term "Replevin" was not so headed when the law was first enacted in 1886 and it would make no difference if it had been. In at least most of the states which have a system of code pleading like our own, an action still generally called one of replevin, is not commenced by the issuance of a writ but by petition and summons or the equivalent thereof. New Mexico apparently has no action similar to that of the old action of detinue and has only an action which follows the old rules of the action of replevin, and the Court in Troy Laundry Machinery Co. v. Laundry Co., 27 NM. 117, 196 P. 745, stated:

"We believe the statute of New Mexico is the only one in the country which has remained in its present form. In all of the other states, so far as we are advised, it appears from the statutes themselves that it was the intention of the legislature to allow the bringing and maintaining of an action of replevin without a seizure of the property under a writ of replevin, and as an ordinary action resembling the action of detinue at common law."

See also Johnson v. Terry, 48 N. M. 249, 149 P. 2nd 795. The foregoing statement of the court does not appear to be quite correct, for in Delaware, too, an

action of replevin is commenced by the issuance of a writ. But that is because, as the court stated in Bush v. Hillman Land Co., 22 Ch. (Del.) 374, 2 Atl. 2d 133,, "There is no statute in this State providing a substitute for the actual seizure and ultimate delivery which are necessary to sustain and make effective an action of replevin at law." In 23 R.C.L. 920, it is stated:

"The action of replevin at common law could be commenced only by the issuance of a writ of replevin. The writ being essential to the commencement of the action, everything necessary to the issuance thereof was deemed jurisdictional. In the modern statutory action, however, seizure of the property is not essential to the right to maintain the action, and the action may be commenced and prosecuted to judgment without disturbing the defendant's possession. But the plaintiff may at any time before judgment require the sheriff to replevy the property by filing with him an affidavit and requisition and by giving a bond for a return of the property or its value in case the defendant is found to be entitled to its possession. As the seizure of the property is not a prerequisite to the commencement of the action any error in the proceeding to obtain immediate possession of the property does not affect the jurisdiction of the court to entertain such action and proceed to judgment."

The statement is substantially repeated in 46 Am. Jur. 39. In Bancroft's Code Practice and Remedies, Vol. 7, p. 7169, the author states:

"At common law the action of replevin could be commenced only by the issuance of a writ of replevin. But today the right to maintain replevin in a court of general jurisdiction, and in some states in inferior courts, does not depend upon the preliminary procurement of a writ for the seizure of the property, at least where jurisdiction over the person of the defendant is obtained. The writ of replevin, or order of delivery, as it is now denominated in some jurisdictions, is merely an ancillary order to be had at the option of the plaintiff after he has complied with the statutory requirements. Whether obtained or not, the plaintiff is still

entitled to a trial of the main issue, and, if he prevails, to judgment and execution for the restitution of the property, with damages for its detention. It has been declared that the ancillary order of delivery is analogous to an injunction, which may be either the final judgment or merely a provisional remedy."

In Hart et al. v. Moulton, 104 Wis. 349, 80 N.W. 599, 76 Am. S. R. 881, the court stated as follows:

"Respondent's attorneys urge the appellants have no standing in this court because the lower court failed to obtain jurisdiction of the subject matter of the action for want of a proper affidavit in the proceedings to obtain possession of the property in advance of a settlement of the controversy between the parties, and because of some other defects claimed in such proceedings. The learned counsel for respondent rely on the rule that prevailed in the action of replevin at common law, which could be commenced only by the issuance of a writ of replevin. The writ being essential to the commencement of the action, everything necessary to the issuance thereof was deemed jurisdictional. Such is now the case in actions in justice's court for the recovery of personal property and actions there commenced by writ of attachment. But it hardly admits of serious discussion, at this late date, but that such an action in the circuit court, commenced by the service of a summons like any other action, and proceedings to obtain possession of the subject of the controversy in advance of the judgment, are sufficiently independent of each other that the latter may be omitted entirely at the election of the plaintiff. The statute on the subject is so plain, and the long-settled practice so well understood by the profession, that we hardly feel justified in going much further on this branch of the case than to refer to such statute. Sec 2717, Stats. 1898, provides that 'the plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons or at any time before answer, claim the immediate delivery of such property.' It will be noted that the very language of the section indicates unmistakably that the action may be commenced and immediate possession of the property not be claimed at all."

In Lamont v. Williams, 43 Kan. 558, 23 P. 592, the court, quoting from a previous case, said in part, as follows:

" 'The action exists, or may exist, before the order. The section recognizes the action, and says certain things may be done in it. It nowhere provides that a failure to take the order abates the action, or that defendant may prevent a recovery by showing that plaintiff has not availed himself of all the privileges which the statute has given. The order for the delivery is ancillary. It is like an order of injunction, which may be the final judgment or a provisional remedy.' "

And the rule above set forth is applicable at least in Arizona, Arkansas, California, Idaho, Indiana, Iowa, Kansas, Kentucky, Missouri, Nebraska, New York, North Carolina, Oklahoma, South Carolina, South Dakota and Wisconsin. See 54 C. J. 466.

Counsel claims that the statutes in these states are different from the statutes in Wyoming in that they provide that the plaintiff may at the commencement of the suit, or at any time before answer, claim the immediate delivery of such property. That is the Statute in Oklahoma, Nebraska and a number of other states. Some statutes provide that the order of delivery may be obtained at any time before judgment. The Ohio Statute, up to 1874, provided, "The plaintiff in an' action to recover the possession of specific personal property, may, at the commencement of the suit, or at any time before answer, claim the immediate delivery of such property as provided in this Chapter." See Ohio Code of Civil Procedure by Seney, p. 260. That provision, accordingly, is similar to that found in Oklahoma, Nebraska and other states. Before 1880 the section was changed to read like our Section 89-4001, namely: "The possession of specific personal property may be recovered in an action as provided in this article." The reason of the change does not appear. It

is possible that it was made for the purpose of enabling the order of delivery to be issued at any time before judgment. In any event, it is inconceivable that the change was made so as to return to the rules of the action of replevin at common law, particularly in view of the specific provision, also contained in the Ohio Statutes, that all forms of action are abolished. Section 89-4001 does not make it mandatory to have the order of delivery issued at the commencement of the action; neither does Section 89-4002 which provides for an affidavit and states that the order for delivery of the property shall be issued *"when* there is filed an affidavit." That evidently means that the plaintiff may or may not at his election file the affidavit and obtain immediate delivery. The question, however, is set at rest, it would seem, by reason of Section 89-4014, which provides:

"When the property claimed is not taken, or is returned to the defendant by the sheriff for the want of the undertaking required by § 89-4006, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper; but if the property be returned for want of the undertaking, the plaintiff shall pay all costs made by taking the same."

We are unable to see how. in view of these provisions, there is any basis for the contention that the court obtains jurisdiction in the replevin action only when a replevin writ or order for delivery has been issued. Section 89-801, Rev. St. 1931, provides: "A civil action must be commenced by filing in the office of the Clerk of the District Court a petition and causing a summons to be issued therein." Jurisdiction of the case then is acquired by the court by following the provisions of this statute and causing the summons to be served upon the defendants. That is substantially recognized in Boswell v. Bank, supra. In fact, counsel

freely admit that the case may proceed as an action in damages if, as provided by Section 89-4014, the property claimed is not taken or is returned as therein specified. That admission completely nullifies counsel's contentions that no jurisdiction is acquired by the court except by the issuance of a writ of replevin, and the dispute herein is narrowed to a consideration of the effect of that section and whether the court lost jurisdiction because of the facts in this case. Counsel for the defendants claim that the section is not applicable herein. That claim is evidently based on the fact that the property was taken by the sheriff under a void writ. We think, however, that the phrase "when the property claimed is not taken", refers to a lawful taking. In other words, it would seem that so far as jurisdiction of the court in the case generally is concerned an unlawful taking is equivalent to no taking at all. It hardly seems reasonable that a court would be deprived of jurisdiction merely because of some technically defective procedure in a case and that no remedy exists therefor except dismissing the case. In the case at bar the original writ was not signed. It has been held that the issuance of the writ is a ministerial duty. 54 C. J. 487. While the authorities are not altogether agreed it has been held that the lack of signature on a writ of attachment—and the same rule would apply in case of writ of replevin—does not make it void but that it may be amended and that the defect may be waived by an appearance in the case without first making an objection,—a situation which is true in this case. So it has been held that a summons not signed may be amended. 50 C. J. 604-605. Again alias writs are frequently issued. 54 C. J. 487. And such writs seem to be authorized under Section 89-4015, Rev. St. 1931. It is not necessary to pass upon the questions arising in these connections but we merely mention the foregoing authorities to show that

it would be a rather drastic rule that the court loses its jurisdiction of the entire case merely because of a defective or even fatal procedure which is merely auxillary to the main case. When the writs issued herein were quashed the defendants were, of course, entitled to the return of the property and if it had been returned then surely it could not be applicable. Defendants had the legal right to ask the court for an order to have the property returned. They did not choose to avail themselves of that legal right but apparently were willing for the plaintiff to retain the property. Some of the cases have passed on the result of a defective affidavit of replevin filed in the case. In the case of Achi v. Alapai et al., 9 Haw. 591, the court stated:

"But it was error to dismiss the cause even if the affidavit did not comply with the statute. Reference to the statute of replevin makes it clear that the proceedings by which a plaintiff may obtain immediate possession of personal property for which he brings an action to recover are entirely independent of such action. He may not desire the immediate possession of the property and not file any affidavit. In such case the action would proceed and the title to the property be tried. The legal effect of a defective affidavit in replevin would be merely to annul the delivery taken in pursuance of it. The legality of the seizure is the only question involved and not the right in the property." So it was held in the case of Eads Administrator v. Stevens, 63 Mo. 90, that when the property involved in the case of replevin is delivered to the plaintiff prematurely it may be ordered back into the possession of the defendant. In the case of Bingham v. Morrow, 29 Mo. App. 448, the court stated:

"The only office of an affidavit is, to anticipate the delivery of the property to the plaintiff, without waiting for the determination of his rights by a judgment. If an order of delivery should be made prematurely upon an insufficient affidavit, or upon no affidavit, and executed by the officer, the *proper remedy would be* an

order for the return of the property to the party from whom it was taken; and not in a dismissal of the suit, or in an arrest of the judgment."

The rule of the foregoing case is, of course, as applicable, if not more so, when the writ of replevin is not signed, and these cases show clearly that it was error for the court to dismiss the action for want of jurisdiction. Counsel cites us to the case of Clendenning v. Guise, 8 Wyo. 91, 55 P. 447. That case involved an action of replevin in Justice Court and has no bearing in the case at bar, as clearly pointed out by the court in that case. We cannot find the applicability in this case of Gallup v. Wortmann, 11 Colo. A. 308, 53 P. 247, nor is the case of Tiedtke v. Whalen, 133 Neb. 301, 275 N. W. 79, in point. In that case the writ of replevin was quashed for the reason that no petition had been filed in the case and the court accordingly had never acquired jurisdiction; hence the case was properly dismissed when the writ of replevin was quashed. Counsel also cite us to the case of Burr v. American Incubators, 45 Ohio App. 383, 187 N. E. 189. That is a strange case. It appears that the sheriff in that case took possession of the property of the defendants by locking the building belonging to the defendants in which the personal property was located, and the court held that the case could not proceed as an action in damages because the defendants were deprived of the property without delivering it to the plaintiff in the case. The basis of the holding is altogether too technical. It was decided in 1933—many years after the adoption of our Code of Civil Procedure —and we cannot follow it. The court should have held either that the property was never delivered as contemplated by the statute or that it was actually delivered to the plaintiff and held by the sheriff as the agent of the plaintiff. The case is entirely out of line with the trend of modern authorities.

The order of the court granting a new trial and dismissing the case, is accordingly, reversed, and the judgment of the Court of June 24, 1943, is reinstated as the judgment in this case.

RINER, J., and KIMBALL, J., concur.