533 P.2d 657

**Louise THORNTON and John Doe Thornton, her husband, dba Louise Draperies, Petitioners,**

v.

**Dorothy CARSON, Judge of the Superior Court of the State of Arizona in and for the County of Maricopa, Respondent;**

and

**INDUSTRIAL SEWING MACHINE EXCHANGE, INC., an Arizona Corporation, Real Party in Interest.**

**No. 11962.**

Supreme Court of Arizona,
In Banc.

April 3, 1975.

Solomon, Relihan & Blake by Ralph J. Blake, Phoenix, for petitioners.

Robert A. L'Ecuyer, Phoenix, for real party in interest.

CAMERON, Chief Justice.

We accepted jurisdiction of this petition for special action to consider the constitutionality of Arizona's replevin statute, A.R.S. § 12–1301 et seq.

The facts necessary for a determination of this matter are as follows. On 29 April 1974, the petitioners, drapery manufacturers, entered into a contract with the Industrial Sewing Machine Exchange, Inc., an Arizona corporation, to buy a new U.S. Blindstitch industrial sewing machine, model number 718–9. The price was $670.-80, half to be paid at the time of the contract and the remainder in three monthly installments of $111.80. The agreement provided that the Industrial Sewing Machine Exchange, Inc., not only had a security interest in the sewing machine, but retained title to the goods until all sums due as provided by the contract were fully paid. The contract also provided that for failure to make timely payments the Industrial Sewing Machine Exchange, Inc., could, with or without notice or legal process, repossess the sewing machine. This agreement was recorded with the Maricopa County Recorder. Thereafter a dispute arose as to the servicing of the machine and the payment due on or before 1 August 1974 was not made.

On 6 September 1974 the Industrial Sewing Machine Exchange, Inc., secured a replevin bond for the requisite amount, submitted the bond together with a verified complaint specifically setting forth the facts and incorporating the sales order and agreement. At the same time an affidavit in replevin as required by statute, A.R.S. § 12–1301, was also filed. For reasons not apparent in the record before us, filing was not accepted until 18 September 1974 when a summons was issued and the order for taking the property was signed by the justice of the peace and given to the constable.

On 24 September 1974 the property was seized. The petitioner counterclaimed for an amount in excess of the justice court's jurisdiction and the action was transferred to the Superior Court pursuant to A.R.S. § 22–201. Petitioners filed a motion for partial summary judgment before the Honorable Dorothy Carson, Judge of the Superior Court, which was denied. Judge Carson granted the motion of Industrial Sewing Machine Exchange, Inc., to dismiss the counterclaim. A petition for special action was filed in this court and we accepted jurisdiction in order to consider the constitutionality of our replevin statute in light of recent United States Supreme Court decisions.

The Arizona replevin statute ·is contained in A.R.S. § 12–1301 et seq. A.R.S. § 12–1301 provides:

"If a plaintiff claims in his complaint the possession of specific personal property, he may at any time before rendition of judgment file an affidavit showing:

"1. That he is the owner of the property claimed, sufficiently describing it, or is lawfully entitled to its possession.

"2. That the property is wrongfully detained by the defendant.

"3. The actual value of the property and that it has not been seized under any process, execution, or attachment against the property of the plaintiff, or, if so seized, that it is by statute exempt from such seizure."

A.R.S. § 12–1302 reads as follows:

"Upon filing of the affidavit prescribed in § 12–1301, the clerk of the court or justice of the peace shall make an order requiring the sheriff, or if in a justice court the constable, to take the property specified in the affidavit from the defendant and deliver it to the plaintiff."

The replevin statute, Article 12, Chapter 8, Title 12 of the Arizona Revised Statutes provides for a redelivery bond in double the value of the property taken, the same amount the plaintiff creditor had to post before obtaining the order for taking the property. A.R.S. § 12–1302.

In 1972 four members of the United States Supreme Court in the case of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), held unconstitutional the replevin statutes of Pennsylvania and Florida, the court stating:

"We hold that the Florida and Pennsylvania prejudgment replevin provisions work a deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor. * * *" Fuentes v. Shevin, supra, 92 S.Ct. at 2002.

This court in Roofing Wholesale, Inc. v. Palmer, 108 Ariz. 508, 502 P.2d 1327 (1973) declined to recognize the Fuentes v. Shevin case, supra, as binding because the matter was determined by a four justice majority in a seven justice court. We indicated, however, that if the majority of the full court should follow the majority in Fuentes, we would, of course, comply with the United States Supreme Court's decision.

Following Fuentes, supra, the United States Supreme Court handed down its decision in Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). If Mitchell, supra, did not overrule Fuentes, Mitchell retreated considerably from the position held by the four man majority in Fuentes. The court held in Mitchell, contrary to Fuentes, that property may be seized without notice to the debtor or an opportunity for prior adversary hearing when (1) the writ is issued upon a verified affidavit sufficiently setting forth the facts that support the seizure, (2) when a judge's discretion is placed between the creditor's application and issuance of the writ or order of seizure, and (3) when the debtor may immediately be heard on the matter and the writ or order dissolved unless the creditor proves the grounds for the issuance.

Following Mitchell, supra, the United States Supreme Court in January of 1975 handed down the case of North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). In that case the Supreme Court held that a garnishment statute which deprives the defendant of the use of the property pending the litigation and making no provision for an early hearing violated the due process clause of the Fourteenth Amendment, citing Sniadach v. Family Finance, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Fuentes; and Mitchell, supra. In that case the court stated:

"The Georgia statute is vulnerable for the same reasons. Here, a bank account, surely a form of property, was impounded and, absent a bond, put totally beyond use during the pendency of the litigation on the alleged debt, all by a writ of garnishment issued by a court clerk without notice or opportunity for an early hearing and without participation by a judicial officer.

"Nor is the statute saved by the more recent decision in Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). That case upheld the Louisiana sequestration statute which permitted the seller-creditor holding a vendor's lien to secure a writ of sequestration and, having filed a bond, to cause the sheriff to take possession of the property at issue. The writ, however, was issuable only by a judge upon the filing of an affidavit going beyond mere conclusory allegations and clearly setting out the facts entitling the creditor to sequestration. The Louisiana law also expressly entitled the debtor to an immediate hearing after seizure and to dissolution of the writ absent proof by the creditor of the grounds on which the writ was issued." North Georgia Finishing, Inc. v. Di-Chem, Inc., 95 S.Ct. supra at 722.

Assuming in the instant case that the verified complaint together with the affidavit satisfies the requirement that the affidavit go beyond "mere conclusory allegations," Mitchell and North Georgia Finishing, Inc., supra, we believe that our replevin statute is constitutionally defective in two aspects. First, the debtor does not have the benefit of an independent judicial determination between the creditor and issuance of the order for taking the property. As we read Mitchell and North Georgia Finishing, Inc., some independent judicial discretion must be placed between the application of the writ or order and the issuance of said writ or order. Our statute A.R.S. § 12–1302 reads that upon the filing of the affidavit the clerk of the court or the justice of the peace "*shall* make an order requiring the sheriff, or if in a justice court the constable, to take the property specified in the affidavit." The clerk is not a judge and the justice of the peace when acting under this statute is not acting as a judge with discretion but as clerk without discretion.

Secondly, A.R.S. § 12–1301 et seq., our replevin statute, does not provide for an immediate hearing to determine possession of the property should that be requested. Under our proceedings that must wait until the trial of the fact although the party may put up a redelivery bond in the interim. We do not believe that this is adequate under Mitchell and North Georgia Finishing, Inc., supra.

We therefore hold that our replevin statute is contrary to the Fourteenth Amendment to the United States Constitution as interpreted by the United States Supreme Court. Mitchell and North Georgia Finishing, Inc., supra.

We have concerned ourselves in this opinion only with the constitutionality of the Arizona replevin statute, A.R.S. § 12–1301 et seq., which the trial court upheld based, no doubt, on previous statements of this court. We do not consider at this time, from the record before us, whether the other motions were properly disposed of by the trial judge.

The order of the trial court of 4 February 1975 is set aside and the matter is remanded to the trial court for further proceedings consistent with this opinion.

STRUCKMEYER, V. C. J., and LOCK-WOOD, HAYS, and HOLOHAN, JJ., concur.