**BANK OF PLEASANT GROVE, a Utah Corporation, Plaintiff and Respondent,**

v.

**Earl A. JOHNSON and Beth R. Johnson, dba Johnson Asphalt Co., Defendants and Appellants.**

**No. 14404.**

Supreme Court of Utah.

July 22, 1976.

claimed defects in the affidavit for the writ were:

(a) It did not show that plaintiff had a special interest in the personal property;

(b) It did not allege the cause of detention of the property;

(c) It stated the value of the property to be $8,000 (which was the amount due and owing on the note).

There is no merit to the claims. The affidavit stated that plaintiff was entitled to the possession of the property; that the defendants wrongfully detained possession thereof and that the value of the property was $8,000. The property was sold by the sheriff pursuant to order of the court and brought only $4,800. As to the defects claimed in (a) and (b) above, the affidavit, together with the allegations of the complaint in which the note and security agreements were attached and made a part by reference, set forth in substance all the facts required by Rule 64B(b), U.R.C.P.

Even if we assume a technical deficiency in the affidavit, the ruling of the trial court was correct and the defendants were not harmed thereby. In the first place, the plaintiff had a security interest in the property, and under Section 70A–9–503, U.C.A.1953 (Replacement Vol. 7B), it was entitled to the possession thereof and could have obtained it if it could do so without a breach of the peace. In the second place, if there had been no possession of the secured property before judgment, the result would have been the same, to-wit: It would have been sold pursuant to the order of the court. In the third place, the trial court gave the correct judgment pursuant to the mandate of our Rule 61, U.R.C.P., viz., that he "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

An appellate court is bound by the same rule regarding harmless error. The law is

H. Grant Ivins, American Fork, for defendants and appellants.

Ray M. Harding, American Fork, for plaintiff and respondent.

ELLETT, Justice:

The plaintiff commenced this action against the defendants to recover on a delinquent promissory note which was secured by a security interest in personal property. The property was attached before judgment and was sold at a foreclosure sale after judgment was obtained. A deficiency judgment was then entered against defendants.

The defendants appealed, claiming there were technical defects in the proceedings whereby the writ of attachment was obtained. They also assign as error the dismissal of their counterclaim for damages because of the wrongful attachment. The

correctly stated in 5 Am.Jur.2d Sec. 776 (Appeal and Error), as follows:

> To warrant reversal, two elements must be shown: error, and injury to the party appealing. Error is harmless when it is trivial, formal, or merely academic, and not prejudicial to the substantial rights of the party assigning it, and where it in no way affects the final outcome of the case; it is prejudicial, and ground for reversal, only when it affects the final result of the case and works adversely to a substantial right of the party assigning it.

There was no reversible error in this case and the judgment is affirmed. Costs are awarded to the respondent.

HENRIOD, C. J., and CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, Justice (dissenting).

Defendants make three assignments of error. (1) Denial of their motion to quash a writ of replevin, on the ground the affidavit did not meet the requirements of Rule 64B,[1] thus rendering it technically and legally insufficient. (2) Denial of procedural due process, because they were deprived of this property without prior notice or hearing. (3) Dismissal of their counterclaim.

The three assignments are well taken. We should reverse, and remand for further proceedings to determine defendants' damages. Costs should be awarded to defendants. References to rules are to U.R.C.P.

Plaintiff, Bank of Pleasant Grove, initiated this action, alleging defendants were indebted under, and in default of, a secured promissory note. Plaintiff prayed judgment for the indebtedness, and for a decree authorizing sale of the security. Contemporaneously with the filing of the action, plaintiff replevined the secured property, a road grader.

Defendants filed an answer, a counterclaim, and a motion to quash the writ of replevin accompanied by an affidavit. The matter was tried to the court, and judgment was rendered by plaintiff. The trial court ruled defendants had waived all objections as to the insufficiency of the affidavit and bond, by their failure to make timely objections. Defendants' counterclaim was dismissed. Defendants appeal solely from the ruling of the trial court concerning their counterclaim and motion to quash the writ of replevin.

In their counterclaim, defendants alleged their property was taken pursuant to a writ of replevin, that the replevin was wrongful and not according to the law, and constituted a conversion of property rightfully in their possession. Defendants alleged their damages resulting from the wrongful taking. They further alleged the property was taken without a hearing to determine the rights of the parties to possession, and such a taking constituted a deprivation of property without due process of law.

In their motion to quash, defendants asserted the undertaking in the bond was not twice the value of the property taken. They asserted the affidavit was insufficient as a matter of law, in that it failed to comply with Rule 64B(b)(2), (4). They repeated their claim that the taking of the property without a hearing was a violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. Defendants requested the writ be quashed, and they be restored to the immediate possession of the property. In the accompanying affidavit, defendant, Earl A. Johnson, deposed the undertaking was insufficient, in that the value of the property was approximately $15,000; that plaintiff's affidavit did not indicate it had any ownership or interest in the property; and there was not stated in the affidavit

---

1. Amendment of Rule 64B(a) and (g) was approved by this court in May of 1976. There has been no amendment of Rule 64B (b), pursuant to which the subject affidavit is attacked.

any cause of the asserted unlawful detention by defendants.

During the trial, the court commented the undertaking was inadequate since Rule 64B(c), requires the undertaking be double the actual value of the property. Plaintiff's undertaking recited it was double the amount owing on the mortgaged property. The court further stated there were three items in the affidavit in question. Nevertheless, the trial court ruled defendants' failure, to make timely objections to the insufficiencies, constituted a waiver.

The record does not reveal the ground upon which the waiver was based. Rule 64B, had no provision for a hearing to challenge the sufficiency of the affidavit or undertaking.[2] Subsection (d) provides for a waiver only if defendant fails to file a notice of his objection to the sufficiency of the sureties. Defendants suggest the court was of the opinion that the failure to argue the motion prior to trial may have been deemed a waiver. The record indicates the summons and complaint were served on September 17, 1975. The writ was served the next day. The complaint was filed on September 17, 1975, and the writ was filed on September 24, 1975. Defendants' pleadings; motion to quash, and affidavit were filed October 1, 1975. Defendants cite Rule 20 of the Fourth Judicial District which requires all motions to be automatically submitted to the court for determination, when the time for all responsive pleadings has expired. Defense counsel included in the record his letter of October 23, 1975, to the clerk of the court requesting the status of his motion to quash. The trial was held November 5, 1975, at which time the court itself cited the inadequacies of the affidavit and undertaking. On December 4, 1975, the trial court held defendants' objections were waived. There is no basis in the record to sustain a waiver.

With reference to the motion to quash, defendants cite 64B(b)(2), (4), (6), it provides:

When delivery is claimed, the plaintiff *shall* file with the court an affidavit showing: (1) a description of the property claimed; (2) *that the plaintiff is the owner of the property or has a special ownership or interest therein, stating the facts in relation thereto,* and that he is entitled to possession thereof; (3) that the property is wrongfully detained by the adverse party; (4) *the alleged cause of the detention thereof according to the best knowledge, information and belief of affiant*; (5) that it has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or an attachment against the property of the plaintiff; or if so seized, that it is by statute exempt from such seizure; (6) *the actual value of the property.* [Emphasis supplied.]

Plaintiff's affidavit was sworn to by its president; he deposed he was entitled to possession of the described property; the property was wrongfully detained by defendants; the property had not been taken for any tax, assessment or fine, pursuant to any statute, or seized under execution or an attachment against the property of plaintiff; and the estimated value of the property was $8,000.

The foregoing illustrates the serious deficiencies of the affidavit. The ownership interest and the facts in relation thereto are omitted; the alleged cause of the detention by defendants is omitted; and there is no assertion, as to the *actual* value of the property.

The main opinion makes reference to 70A-9-503, U.C.A.1953, as amended. That statute does provide a secured party may proceed without judicial process to take possession of the collateral, if such

2. Amendment of Rule 64 made it Rule 64A; it now provides the requisite procedures pursuant to the Fuentes and North Georgia cases, hereafter cited. Such rule was approved by this court in March of 1976.

can be done without breaching the peace. It goes on to say

> or [the secured party] may proceed by action . . . If a secured party elects to proceed by process of law he may proceed by writ of replevin or otherwise.

Here the secured party elected to proceed by writ of replevin—, no doubt because the collateral could not be taken without breaching the peace. Such election committed the secured party to the requirements of Rule 64B(b), which existed in its present form, at the time of the election, the writ's issuance, and judgment thereon.

A cursory analysis of the record shows nothing to resemble substantial compliance of the affidavit with the rule. Rule 64B(b) is mandatory. The opinion today countenances affidavits with infirmities which deny our procedural rule; apparently, on the strength of 70A-9-503, U.C.A. 1953, as amended. Such, I submit, is not commensurate with the law.

The purpose of a writ of replevin is to transfer possession during the pendency of an action, and it is ancillary to that action. The elements of procedure with respect to the writ apply only to the writ and not to the action.[3] A writ of replevin should comply with all requirements as to matters of form or content prescribed by statute.[4] A writ of replevin may be quashed for defects in the writ itself or in the proceedings taken to obtain it. A motion to quash goes to the technical regularity of procedure.[5]

In *Griffin v. Howell*[6] this court discussed the purpose of an affidavit in a writ of attachment. It stated it was the averments of the affidavit, not the complaint, which confer the power to issue the writ, under which the property of defendant is seized.

But that which authorizes the seizure of the property and which brings the *res* into court and gives it control of it, is the affidavit and writ, not the complaint.[7]

In a replevin action, one who holds property, under a bond conditioned on the redelivery of the specific property; and does not prevail, the property is considered to be in custodia legis, the same as though the actual possession were with the officer.[8]

The proceeding by which a plaintiff may obtain immediate possession of personal property by a writ of replevin is independent of the action under which he seeks recovery of the property. The legal effect of a defective affidavit in replevin is merely to annul the delivery pursuant thereto. The legality of the seizure is the only question involved.[9]

> . . . The only office of an affidavit is, to anticipate the delivery of the property to the plaintiff, without waiting for the determination of his rights by a judgment. If an order should be made prematurely upon an insufficient, or upon no affidavit, and executed by the officer, the proper remedy would be an order for the return of the property to the party from whom it was taken; and not in a dismissal of the suit, or in an arrest of the judgment . . .[10]

The statutory writ of replevin must be distinguished from the action of replevin at common law. The former is an ancillary order, at the option of the plaintiff, after he has complied with the statutory requirements. At common law, the writ was essential to the commencement of the action, and everything necessary to its issuance was deemed jurisdictional;[11] there-

---

3. 77 C.J.S. Replevin § 110, § 111, pp. 80–81.
4. 77 C.J.S. Replevin § 113.
5. 77 C.J.S. Replevin § 120, pp. 86–87.
6. 38 Utah 357, 113 P. 326 (1911).
7. At p. 362 of 38 Utah, at p. 328 of 113 P.
8. *Salisbury v. First Nat. Bank of Taloga*, 99 Okla. 138, 221 P. 444 (1923).
9. *Achi v. Alapai*, 9 Haw. 591 (1895).
10. *Bingham v. Morrow*, 29 Mo.App. 448, 450–451 (1888).
11. *Deschenes v. Beall*, 61 Wyo. 39, 154 P.2d 524 (1945).

fore, if defendant made a general appearance, filed his pleadings, and proceeded to trial on the merits without objecting to the irregularities in the writ, such were deemed waived.

Under Rule 64B, if the writ of replevin be issued under a substantially insufficient affidavit, the taking pursuant thereto must be deemed a wrongful taking. Under Rule 64B(h)(1), the sheriff in executing the writ, if delivery be not forthcoming on public demand, "must cause the building or inclosure to be broken open and take the property into his possession." Therefore, there must be facts sufficient in the affidavit to show probable cause to support the issuance of a writ of replevin, for the Fourth Amendment applies to civil cases. To establish probable cause to allow violation of the sanctity of the home or office by an agent of the government, there must be established by the affidavit *facts*; which show sufficiently, a description of the property claimed, that plaintiff has a clear and undisputed right to the property, and the detention and use of the property by defendant prior to judgment is wrongful.[12]

Under the facts here, defendants were entitled to have the writ of replevin quashed for the insufficiency of the affidavit upon which it was issued and executed.

Defendants further urge they were denied procedural due process, because they were deprived of their property without any prior notice or hearing.

In *Fuentes v. Shevin*[13] the United States Supreme Court declared invalid the replevin statutes of Florida and Pennsylvania, wherein the secured party under an installment contract was permitted to repossess goods, without notice or hearing and without judicial order or supervision, and the

sheriff operated under a writ issued by the clerk of the court at the behest of the seller. The court ruled that the fact the debtor was deprived of only the use and possession of the property, perhaps only temporarily, did not put the seizure beyond scrutiny under the Due Process Clause. It held that an official seizure carried out, without notice, and without opportunity for a hearing or other safeguard against mistaken repossession violated the Fourteenth Amendment.

In *North Georgia Finishing, Inc. v. Di-Chem Inc.*[14] a garnishment statute of Georgia was held to be in violation of the Fourteenth Amendment. The statute permitted a form of property to be impounded and, absent a bond, put totally beyond the use of the alleged debtor during the pendency of the litigation. All by a writ issued by a court clerk, without notice or opportunity for an early hearing; and without participation by a judicial officer. The deficiencies of the Georgia statute cited by the court are similar to those of Rule 64B, e. g., the writ is issuable upon an affidavit; the affidavit need contain only conclusory allegations; the writ is issuable by court clerk without participation by a judge; upon service of the writ the debtor is deprived of the use of his property. The only method discernible, on the face of the statute, for the debtor to regain use of his property is to file a bond to protect the plaintiff creditor; and there is no provision for an early hearing at which the creditor would be required to demonstrate at least probable cause.

Arizona[15] and Idaho[16] have declared unconstitutional under the Fourteenth Amendment their replevin statutes, which have provisions substantially similar to Rule 64B, as it existed, at the time of the contested actions. Defendants were de-

12. *Fikenberg Furniture Corp. v. Vasquez*, 67 Misc.2d 154, 324 N.Y.S.2d 840 (1971).

13. 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

14. 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

15. *Thornton v. Carson*, 111 Ariz. 490, 533 P.2d 657 (1975).

16. *Massey-Ferguson Credit Corporation v. Peterson*, 96 Idaho 94, 524 P.2d 1066 (1974).

prived of their property without due process of law.

In *Massey-Ferguson Credit Corporation v. Peterson,*[17] defendant filed a counterclaim for damages for an alleged wrongful taking of his equipment. This claim was predicated on the ground defendant was deprived of his property without a prior hearing. The trial court dismissed the counterclaim. The Supreme Court of Idaho, declared their statute unconstitutional for its failure to provide for judicial supervision of the order and for a certain, immediate judicial hearing on the validity of the taking of the property. The court further reversed the dismissal of the counterclaim and remanded the cause for further proceedings.

Defendants further contend the trial court erred in dismissing their counterclaim. With this contention we should agree. The taking pursuant to the writ of replevin must be deemed unlawful, since the writ was issued upon an affidavit, which did not set forth the requisite facts mandated by Rule 64B(b).